[Civ. No. 20698.   First Dist., Div. Three.   July 8, 1963.]

RODOLFO JACUZZI et al., Plaintiffs and Respondents, v. JACUZZI BROS., INCORPORATED, et al., Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

Joseph L. Alioto and Walter F. Calcagno for Defendants and Appellants.

Nathan G. Gray and Richard F. Swisher for Plaintiffs and Respondents.

SALSMAN, J.—This appeal is from an order denying appellants' motion to enjoin Nathan G. Gray and Richard F.

Swisher from representing respondents as their attorneys. The action is a stockholders' derivative suit, and its primary purpose is to set aside a transfer of substantial assets of the corporation alleged to have been made for an inadequate consideration.

From the record it appears that appellant Jacuzzi Bros., Incorporated, is a California corporation, and that Candido Jacuzzi is its general manager. Joseph Jacuzzi, Giocondo Jacuzzi, Dante Jacuzzi and Carmelo Guarneri are directors. Also named as a defendant is Jacbros, S.A., Geneva, the latter being a Swiss corporation to which it is alleged the assets formerly owned by Jacuzzi Bros., Incorporated, were transferred. Nathan G. Gray was the attorney for Jacuzzi Bros., Incorporated, for some 25 years, and during a portion of that time he served as chairman of its board of directors. Gray's services were terminated in May 1956, although during 1957 he completed the collection of some accounts on which he had previously been engaged. After 1957 Gray had no official connection with the corporation nor did he act thereafter as its attorney. Attorney Richard F. Swisher was made a member of the board of directors of Jacuzzi Bros., Incorporated, in early 1961, but resigned from the board in the fall of that year.

The complaint herein was filed October 26, 1961. The plaintiffs are Rodolfo Jacuzzi, Rosie Jacuzzi, Rino Marin, Stella Marin, Silviano Marin and George Marin, and they own a substantial, although minority, interest in Jacuzzi Bros., Incorporated. Together, the stock ownership of respondents consists of approximately 19 per cent of the voting shares and approximately 15 per cent of the nonvoting shares. The complaint seeks to set aside the transfer of certain assets owned by Jacuzzi Bros., Incorporated, in foreign countries, and transferred by the corporation to Jacbros, S.A., Geneva. It is alleged that the price which Jacuzzi Bros., Incorporated, received for its foreign assets did not represent the fair value of the property. Other allegations make the charge that the effect of the transfer of the foreign assets of Jacuzzi Bros., Incorporated, to Jacbros, S.A., Geneva was to vest control and management of such assets in Candido Jacuzzi, individually, since he is one of three directors of Jacbros, S.A., Geneva, and it is alleged that the other two directors are mere dummies who have no financial interest in that corporation. The complaint also seeks to annul a royalty agreement between Candido Jacuzzi and Jacuzzi Bros., In-

corporated, as being an agreement for which the corporation received no consideration. The respondents also request removal of Candido Jacuzzi as a director of Jacuzzi Bros., Incorporated, based upon the charges relating to the sale of foreign assets and the royalty agreement between Candido Jacuzzi and the corporation.

The ground upon which appellants seek removal of Gray as attorney for respondents is that Gray previously represented Jacuzzi Bros., Incorporated, in matters referred to in the complaint, and that he thus obtained extensive confidential information concerning the subject matter of the action which he may now use to the detriment of his former client. In his affidavit and declarations Gray admits his employment by Jacuzzi Bros., Incorporated, as attorney for the corporation from 1932 until 1956, but denies that he obtained any confidential information relating to the subject matter of the present action. Gray avers: ''That affiant was not informed and did not learn and had no knowledge of any of the acts or omissions of any of the defendants alleged in the complaint until subsequent to the 22nd day of May, 1956; that affiant had no information gained, gathered, or assembled on or prior to said date relating to any of the acts or omissions of any of the defendants alleged in said complaint, but on the contrary all said information was obtained subsequently thereto from the plaintiffs and other shareholders of said corporation, and from Richard F. Swisher during the month of November, 1960, who during said month inspected the books and records of said corporation by authority of a writ of mandate issued by the Superior Court of the State of California, in and for the County of Contra Costa.''

The issue of counsel's disqualification was submitted to the trial court solely upon the affidavits and declarations of the parties. The evidence was conflicting and the court necessarily had to decide whether or not Gray had obtained any confidential information relating to the subject of the action while acting as attorney for the corporation, or whether, as Gray's affidavit stated, such information related to matters and events which were subsequent in time to the termination of his employment. After consideration of the various affidavits the trial court found Gray and Swisher not disqualified, and denied appellants' motion. Since this ruling of the trial court was based upon conflicting evidence and resolved a question of fact, the determination of

the trial court is conclusive on appeal. (See *Doak* v. *Bruson,* 152 Cal. 17, 19 [91 P. 1001]; *Brainard* v. *Brainard,* 82 Cal. App.2d 478, 480-481 [186 P.2d 990]; *Wolfson* v. *Haddan,* 105 Cal.App.2d 147, 149 [233 P.2d 145]; *Small* v. *Small,* 123 Cal.App.2d 870, 874 [268 P.2d 63].) We do not rest our decision entirely upon this ground, however, but proceed to examine other contentions of appellants which it is claimed require the order to be reversed.

Appellants' principal contention on appeal is that Gray's prior representation of the corporate defendant for many years prevents his present representation of the minority shareholders in this action. Appellants cite and rely upon the provisions of Business and Professions Code section 6068 subdivision (e), various provisions of the Rules of Professional Conduct of the State Bar, particularly rule 5 thereof, and the rules expressed in such cases as *Sheffield* v. *State Bar,* 22 Cal.2d 627 [140 P.2d 376]; *Galbraith* v. *State Bar,* 218 Cal. 329 [23 P.2d 291], and *Wutchumna Water Co.* v. *Bailey,* 216 Cal. 564 [15 P.2d 505].

Rule 5 of the Rules of Professional Conduct provides: "A member of the State Bar shall not accept employment adverse to a client or former client, without the consent of the client or former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such client or former client." The chief purpose of this rule is to protect the confidential relationship which exists between attorney and client. Under the salutary operation of the rule confidential information conveyed by the former client to the attorney is protected from disclosure and wrongful use.

An attorney is forbidden to do either of two things after severing his relationship with a former client. " 'He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship.' " (*Galbraith* v. *State Bar, supra,* 218 Cal. 329, 333; *Watchumna Water Co.* v. *Bailey, supra,* 216 Cal. 564.)

Whether or not the rule is applicable in a given case must depend upon the facts. (*DeLong* v. *Miller,* 133 Cal. App.2d 175, 178 [283 P.2d 762].) Here the complaint shows this to be a derivative action, brought in behalf of Jacuzzi Bros., Incorporated. Its purpose is to restore to the corporation property and assets alleged to have been im-

properly transferred for an inadequate consideration. The action is for the benefit of the corporation, Gray's former employer, and not adverse to it. Respondents, for whom Gray is now acting as attorney, are in effect guardians *ad litem* and trustees for the corporation. (*Hogan* v. *Ingold*, 38 Cal.2d 802, 809 [243 P.2d 1, 32 A.L.R.2d 834]; *Whitten* v. *Dabney*, 171 Cal. 621, 630-631 [154 P. 312].) Where, as here, minority shareholders bring an action against the corporation and its directors, seeking redress for alleged misfeasance in office on the part of the directors, a former attorney for the corporation is not disqualified from representing the shareholders in such action unless there is some showing that in so doing the attorney may be called upon to breach a professional confidence previously entrusted to him by his former client. There is no such showing in this case. In *Meehan* v. *Hopps*, 144 Cal.App.2d 284, 290 [301 P.2d 10], the defendant, a former president and member of the board of directors of a corporation in receivership, sought to disqualify attorneys for the receiver on the ground that the attorneys had previously been counsel for the corporation and as such had received confidential communications from the defendant relating to the affairs of the corporation. In affirming the trial court's refusal to disqualify counsel the court said: "The attorney for a corporation represents it, its stockholders and its officers in their representative capacity. He in nowise represents the officers personally. It would be a sorry state of affairs if when a controversy arises between an attorney's corporate client and one of its officers he could not use on behalf of his client information which that officer was required by reason of his position with the corporation to give to the attorney."

Since Gray here acts for the benefit of the corporation he previously represented it is apparent he is not representing an interest adverse to the corporation and the prohibition of rule 5, Rules of Professional Conduct can have no application.

██ We find no support at all for the attempted disqualification of Attorney Swisher. The information obtained by him on matters referred to in the complaint was obtained from an inspection of corporate records in 1960 by authority of a writ of mandate. In the spring of 1961 Swisher became a director of Jacuzzi Bros., Incorporated, representing minority shareholders. He resigned as a director in October 1961. Appellants suggest no theory upon which he should

30

be prohibited from acting as attorney for respondents, and in their brief concentrate their entire attack upon Gray. Since there is no contention that the relationship of attorney and client ever existed between Swisher and Jacuzzi Bros., Incorporated, or any of appellants personally, it follows that there is no foundation whatever for the motion to disqualify him.

The order is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 28, 1963.