Merle H. DAVIS, Appellant,

v.

Ronald HALLETT and Donna A. Hallett, Appellees.

No. 3779.

Supreme Court of Alaska.

Dec. 22, 1978.

---

Jerry E. Melcher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Eric Richter, William P. Fite, Skeel, McKelvy, Henke, Evenson & Betts, Seattle, Wash., for appellant.

Peter M. Page, Juneau, A. Lee Petersen, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

### PER CURIAM.

This appeal is taken from the superior court's award of certain costs and full attorney fees to Ronald and Donna Hallett, the prevailing parties below in a title dispute concerning a piece of property located in Nome. We affirm the award of costs and set aside the award of attorney fees.

### COSTS

Appellant Davis contends that the superior court's award of costs to the Halletts was improper insofar as the award included travel, food, and lodging expenses incurred by the Halletts' attorney pursuant to his appearance in the Nome proceedings. The attorneys's office is located in Juneau.

Civil Rule 79 expressly authorizes an award of certain costs to a prevailing party, and says further, that "in addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded him in the action or proceeding." The superior court merely entered its order for the award without alluding to the criterion set forth in the rule. On appeal however, we will not disturb a proper result, regardless of the reasoning employed below. *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961).

An award of costs is left to the discretion of the trial court, and absent a clear abuse of such discretion, we will affirm the award. *Kaps Transport, Inc. v. Henry,* 572 P.2d 72, 77 (Alaska 1977). We find no such abuse here, where the Halletts, in order to secure their right to title of the Nome property, hired a Juneau attorney to represent them in that cause. Since the award reimburses the Halletts for the necessary expenses involved in having their attorney appear in Nome for the trial, it falls within the broad authorization of Rule 79 and is thus affirmed.

### ATTORNEY FEES

Rule 82(a)(1) sets forth a presumptive schedule of attorney fees based on the amount of recovery involved and other factors. Sub-section (2) adds that:

[i]n actions where the money judgment is not an accurate criterion for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

The superior court awarded the Halletts the full amount of attorney fees they claimed they had incurred in litigating the title dispute. The lower court justified the full award as follows:

The reason that full attorney's fees are awarded is that the money judgment recovered by the plaintiffs does not accurately reflect the complexity of the case, that without vigorous representation the plaintiffs would have lost all rights in the property, and the plaintiffs are entitled to be made as completely whole as the law and rules of court permit.

It is well-settled in the decisions of this court that the purpose of Rule 82 is to compensate a prevailing party only *partially* for attorney fees justifiably incurred. *See, e. g., Malvo v. J. C. Penney Company, Inc.,* 512 P.2d 575, 587 (Alaska 1973). In the absence of a bad faith defense or vexatious conduct by the losing party in the

litigation, we have held it to be "manifestly unreasonable" to award a *full* attorney fee to the prevailing party. *Id.* at 587. The court below made no finding of bad faith by appellant Davis, the Halletts have not alleged such bad faith, and none clearly appears in the record on appeal. We thus reverse the award of full attorney fees, and remand with the instruction that the superior court enter an order for a partially compensatory attorney fee in an amount to be determined by the superior court.

AFFIRMED IN PART; REVERSED IN PART.