Carl MOSES, Appellant,

v.

Lillie McGARVEY, William Hope, Father Paul Merculief, Vincent Tutiakoff, Barbara Carlson, Flore Lekanof, Alice Petrivelli, Iliodor Philemonof, Alexandria Vanner, Representative Alvin Osterback, Marie Osterback, Michael Zacharof, Alfred Stepetin, Ilarion Merculief, Feon Kashevarof, Leo Merculief, Gertrude Craimer, Joe Merculief, Charlotte Giszold, and The Aleut Corporation, Appellees.

No. 4467.

Supreme Court of Alaska.

July 25, 1980.

Bruce E. Gagnon, Atkinson, Conway, Young, Bell & Gagnon, Inc., Anchorage, for appellant.

Roger W. DuBrock, Wade & DuBrock, Anchorage, for appellees.

Before RABINOWITZ, C. J., BOOCHEVER and BURKE, JJ., DIMOND, Senior Justice, and COMPTON, Superior Court Judge.

## OPINION

BOOCHEVER, Justice.

This case involves the award of attorney's fees in a suit brought by nineteen shareholders against The Aleut Corporation (Aleut); Carl Moses, president of Aleut; Arlene Moses, his daughter; and Stanley Mack, a director of Aleut. All of the defendants were represented by the same attorney and no cross-claims were presented. In awarding judgment in favor of the shareholders, the court ordered the shareholders' costs and full attorney's fees to be paid by Aleut. Aleut, in turn was awarded a judgment against Carl Moses for the amount of the shareholders' judgment against Aleut. Included in the award of fees to the shareholders was a sum for payment for the services of attorneys John Anthony Smith and Kneeland Taylor, who withdrew from the litigation after our decision in *Aleut Corporation v. McGarvey*, 573 P.2d 473 (Alaska 1978). In that case we held that Smith and Taylor had a conflict of interest which barred them from representing the shareholders because of their prior representation of Aleut. In addition, the court further awarded Aleut a judgment against Moses for the corporation's costs and full attorney's fees in defending the action.

Aleut and Moses appealed the award of costs and attorney's fees. Subsequently, Aleut reached a settlement with the shareholders, plaintiffs below, covering the costs and attorney's fees awarded against Aleut. The dispute is now limited to Aleut's claims against Moses.[1]

We have concluded that the trial court did not abuse its discretion in ordering Moses to indemnify Aleut for costs and attorney's fees awarded in favor of the shareholders against Aleut. We find, however, that the court did err in awarding full attorney's fees against Moses and in including fees for the services of Smith and Taylor. We also hold that, in the absence of a claim having been filed by Aleut against Moses, it was improper to require him to indemnify Aleut for the corporation's costs and fees in defending the suit.

## STATEMENT OF FACTS

Certain shareholders of Aleut Corporation filed several causes of action against Carl Moses, president of Aleut; Arlene Moses, Carl's daughter; and Stanley Mack, a director of Aleut, challenging the propriety of the conduct of the 1977 annual shareholders meeting and particularly the 1977 election of directors. The seventh cause of action, which sought invalidation of the election because Moses allegedly mailed a misleading proxy solicitation letter, was segregated for trial. The superior court found for the shareholders and ordered a new election because the letter was "inaccurate, false, and misleading."

In its memorandum decision, the superior court ruled that the "plaintiffs are entitled to their full costs and attorney's fees from the Aleut Corporation." The court did not award the plaintiffs' fees against Moses. However, it "granted [Aleut] a judgment against . . . Moses for the amount of the judgment against [Aleut] plus its costs and actual attorney's fees for the reason that the stockholders of the corporation should not be made to suffer the consequences of the wrongdoing of Mr. Moses." Thereafter, the superior court awarded the shareholders $62,708.30 in attorney's fees and costs.[2]

Next, the court entered a judgment in favor of Aleut and against Moses for expenses relating to the case as follows:

(1) $62,708.30 for fees and costs awarded in favor of the shareholders against Aleut;

(2) $83,194.50 for Aleut's attorney's fees;

(3) $23,464.75 for Aleut's expenses;

(4) less $16,539.67 for deductions proposed by Moses.[3]

The total judgment against Moses was $152,827.88. Aleut appealed the award entered against the corporation in favor of the shareholders and Moses appealed the awards entered against him. Subsequent to the filing of the appeals, Aleut reached a settlement with the shareholders. Remaining for adjudication is Moses' appeal.

The issues presented concern:

(1) the superior court's authority to award, in favor of Aleut against Moses, the shareholders' costs and fees assessed against Aleut;

(2) whether the shareholders' full attorney's fees could be awarded against Moses;

(3) whether the award could include the fees of Smith and Taylor;

---

1. As a result, Aleut is, in effect, now adopting arguments in favor of the award of full attorney's fees previously advanced by the shareholders. For simplification, we have referred to such contentions as being advanced by Aleut.

2. The award was broken down as follows:

 $3,912.30 costs
 31,225.00 attorney's fees for DuBrock
 27,571.00 attorney's fees for Smith and Taylor

The court specifically disallowed the portion of Smith and Taylor's bill allocated to litigation of their disqualification because of a conflict of interest. *See Aleut Corp. v. McGarvey*, 573 P.2d 473 (Alaska 1978).

3. The deductions were $6,539.67 for the amount allocable to the conflict-of-interest appeal, and $10,000.00 for work on issues in the case unrelated to Moses.

(4) whether the court could order Moses to indemnify Aleut for its costs and fees incurred in defense of the shareholders' suit.

## THE AWARD TO ALEUT AGAINST MOSES OF THE COSTS AND FEES OF THE SHAREHOLDERS ASSESSED AGAINST ALEUT

It is not disputed that the shareholders prevailed in the litigation and were entitled to an award of costs and attorney's fees under the provisions of Alaska Civil Rule 82.[4] Moses and Aleut were joint defendants, although the claim which was tried sought no specific relief from Moses.

■ There is no argument as to the authority of the superior court to assess fees against Aleut. Moses contends, however, that since no relief was specifically sought against him, he cannot be made liable for the fees. We were confronted with an analogous situation in *First National Bank v. Enzler*, 537 P.2d 517 (Alaska 1975). A trustee in bankruptcy filed suit against the bankrupt, alleging that he had conveyed his property to his wife to defraud his creditors. Because of its status as creditor, the bank was joined as a nominal defendant in the suit. No claim was asserted against the bank. The trial court found that the transfer was not fraudulent and awarded attorney's fees against the bank because the court aligned the bank as a plaintiff. The bank argued that the award of attorney's fees against it was inequitable because it did not initiate the action, but rather was joined as a defendant by the trustee. The bank, however, took an active part in opposing Enzler in the litigation, and stood to gain the most by defeating the conveyance. Noting that "the determination of which party prevails and is entitled to costs is within the discretion of the trial judge," 537 P.2d at 526, we held that the award was not an abuse of discretion and agreed with the trial court's alignment of the bank as a plaintiff below.

■ Similarly, in *State v. Walsh & Co.*, 575 P.2d 1213, 1220–21 (Alaska 1978), we affirmed an award of attorney's fees against the plaintiff in favor of a third-party defendant, even though the plaintiff had asserted no claims against the third-party defendant. The rationale was that, although no claims had been asserted, the major dispute in the case was whether the debt to the plaintiff had been satisfied by the third party's payment and the third party was forced to defend and establish that the plaintiff had misapplied the funds paid to it.[5]

We conclude that the court had authority to award the attorney's fees directly

---

4. Civil Rule 82(a) provides:

 (a) *Allowance to Prevailing Party as Costs.*

 (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

| | Contested | Without Trial | Non-Contested |
|---|---|---|---|
| First $2,000 | 25% | 20% | 15% |
| Next $3,000 | 20% | 15% | 12.5% |
| Next $5,000 | 15% | 12.5% | 10% |
| Over $10,000 | 10% | 7.5% | 5% |

 Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

 (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

 (3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between attorney and client.

5. *Stepanov v. Gavrilovich*, 594 P.2d 30, 36–37 (Alaska 1979), also indicates that it was within the trial court's discretion to decide what the allocation of attorney's fees should be among the losing parties. In *Stepanov*, the trial court imposed joint and several liability on losing plaintiffs even though they filed separate claims. We affirmed because the same issue was involved in each claim. It was thus within the trial court's discretion to allocate the costs and fees against the losing parties jointly and severally. Here, where the court determined that Moses was solely at fault, it was within the court's discretion to order him to bear the costs.

against Moses. Having authority to do so directly, the court could accomplish the same result by ordering Moses to reimburse Aleut for the fees awarded against it.[6]

■ *Ross v. 311 North Central Ave. Building Corp.*, 130 Ill.App.2d 336, 264 N.E.2d 406 (1970), supports this result. In *Ross*, minority stockholders brought a class action against the corporation and directors, alleging a fraudulent loan to another corporation controlled by the directors and their families. The court ordered that the directors be removed and that they pay the plaintiffs' attorney's fees and costs.

We conclude that attorney's fees and costs, in a matter such as this, may be awarded in the discretion of the court according to equitable rules and principles, and generally they must come from the fund being protected by the suit. In the instant case we think the *individual defendants*, "according to equitable rules and principles," *could be properly required to pay* either all or part of the costs and solicitor's fees.

264 N.E.2d at 415 (emphasis added). Although the award was based on the common fund doctrine,[7] an analogous approach may be followed under Civil Rule 82. Generally, under the common fund doctrine the fees would come from the common fund created, *i. e.*, the corporation. However, the *Ross* court determined that under equitable principles the individual defendants should pay all[8] or part of the fees. Similarly, under Civil Rule 82 the trial court could, in its discretion, order one defendant to pay all the fees awarded, especially where the court believes that defendant, as here, to be the wrongdoer.

## THE AWARD OF FULL ATTORNEY'S FEES AGAINST MOSES

■ The superior court awarded the shareholders full attorney's fees for services incurred in the litigation. Moses contends that the award of full attorney's fees is manifestly unreasonable because there was no finding of a bad faith defense or vexatious conduct.[9] We have held that the purpose of Alaska Rule of Civil Procedure 82 is

6. The superior court does not explain its reason for the indirect method of assessment. In some situations a court might want to assure payment by assessing fees against a known solvent defendant, yet apportion the duties of the defendants by making one determined to be principally at fault bear the ultimate responsibility.

7. Under the common fund or common benefit doctrine, if a few succeed in securing a benefit for a group the whole group should share in the costs of procuring the benefit. Where such a result is accomplished by a shareholders' suit against a corporation, the corporation as representing all the shareholders benefited may be required to pay the reasonable costs and attorney's fees. *See Sprague v. Ticonic Nat'l Bk.*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Bosch v. Meeker Cooperative Light & Power Ass'n*, 253 Minn. 77, 101 N.W.2d 423 (1960); *Ross v. 311 North Central Ave. Bldg. Corp.*, 130 Ill.App.2d 336, 264 N.E.2d 406 (1970); *McDaniel v. Fricso Employes' Hosp. Ass'n*, 510 S.W.2d 752 (Mo.App. 1974); 19 Am. Jur.2d, Corporations § 589 at 113 (1965).

The amount recoverable is for reasonable attorney's fees. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700

(1975); *Newman v. Stein*, 58 F.R.D. 540 (S.D. N.Y. 1973); *Newmark v. RKO General, Inc.*, 332 F.Supp. 161 (S.D.N.Y. 1971); *Efron v. Kalmanovitz*, 249 Cal.App.2d 187, 57 Cal.Rptr. 248 (1967). *See generally* 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 6045 at 561 (Rev. vol. 1970); D. Dobbs, Remedies § 3.8 at 200 (1973); G. Hornstein, *The Counsel Fee in Stockholder's Derivative Suit*, 39 Columbia L.Rev. 784, 810 (1939).

8. While we agree with the *Ross* holding that the court in its discretion could award part of the fees against the individual defendants, we do not believe that *Ross* justifies an award of full fees against Moses, an issue discussed below. It has not been established whether Moses or others were responsible for the misleading proxy statements. Moreover, Moses did not monetarily profit at the expense of the corporation.

9. *See Davis v. Hallett*, 587 P.2d 1170, 1171–72 (Alaska 1978); *Malvo v. J. C. Penney Co.*, 512 P.2d 575, 578 (Alaska 1973). Here the trial court did find that the case was more difficult because it involved "a battle of personalities." That characterization does not approach a finding that the defense was vexatious or in bad faith.

"to partially compensate a prevailing party." *Malvo v. J. C. Penney Co.*, 512 P.2d 575, 588 (Alaska 1973). If full attorney's fees are to be awarded, the court must set forth a valid reason for such an exception to the general rule.[10]

Aleut contends that full attorney's fees can be justified for two reasons: first, because this is a "public interest" lawsuit, and second, under a common benefit theory.

In *Anchorage v. McCabe*, 568 P.2d 986, 991 (Alaska 1977), we listed three factors which indicate the presence of public interest litigation:

(1) the effectuation of strong public policies;

(2) the fact that numerous people received benefits from plaintiffs' litigation success;

(3) the fact that only a private party could have been expected to bring this action.

*Quoting La Raza Unida v. Volpe*, 57 F.R.D. 94, 101 (N.D.Cal.1972), *aff'd*, 488 F.2d 559 (9th Cir. 1973). Aleut argues that this lawsuit fits these conditions primarily because (1) there is a strong public policy in insuring fairness in corporate communications with shareholders, especially in the native corporations; (2) a substantial number of people were benefited by the litigation, *i. e.*, the shareholders; and (3) only a private litigant could bring this suit.

In certain respects, this lawsuit is analogous to the one brought in *McCabe* by homeowners challenging a grant to a developer of a special exception from the zoning ordinance. This court characterized that lawsuit as involving the public interest.

Like that case, attorney's fees may be necessary to encourage individual shareholders to undertake risks of litigation to correct management abuses even though their personal stake in the outcome is small,[11] and the suits are generally great in size and difficulty.[12] On the other hand, it seems likely that private motivation may have outweighed the extent of the public interest involved in this case, because the litigation arose out of political disputes between individuals and factions, vying for control or influence of the Aleut Corporation.

The trial court did not award full fees on the basis that this was a public interest lawsuit. We are thus not in the position of the *McCabe* appeal of upholding the exercise of discretion by the trial court[13] based on a public interest rationale. Here the trial court explained the award of full fees as follows:

[T]he court having found that all services rendered by the attorneys were sufficiently related to the issues in this case and further having found that the complexity of the case and the fact that management so identified themselves with the corporate entity thereby rendering the case more difficult and forcing a battle of personalities and not just legal issues, it is determined that *Davis v. Hallett*, 587 P.2d 1170 (Alaska 1978), does not preclude the award of full attorneys' fees.

We do not address whether we would affirm an award of full fees if the trial court had made a finding that this is a public interest law suit. We do note, however, that the cases discussing full fees on that basis have involved public or governmental agencies[14] and that in no case have full fees been assessed against an individual

---

10. *See Alaska Airlines, Inc. v. Sweat*, 568 P.2d 916 (Alaska 1977); *Fairbanks Builders, Inc. v. Sandstrom Plumbing & Heating, Inc.*, 555 P.2d 964 (Alaska 1976).

11. *See* Comment, *Attorneys' fees in Shareholder Derivative Suits; The Substantial Benefit Rule Reexamined, 60 Cal.L.Rev. 164 (1972).*

12. *See* 13 W. Fletcher, Cyclopedia of the Law of Corporations § 6045 at 563 (Rev. vol. 1970).

13. *Anchorage v. McCabe*, 568 P.2d 986, 994 (Alaska 1977).

14. *Thomas v. Bailey*, 611 P.2d 536 (Alaska 1980) (fees on appeal); *Anchorage v. McCabe*, 568 P.2d 986 (Alaska 1977).

defendant on the public interest theory.[15] It is entirely justifiable for a public or governmental agency to bear the full costs of litigating a public interest question because the public benefits. In cases involving the personal liability of an individual defendant, there is no such benefit conferred on the defendant as a result of litigating a question of genuine public interest.

The court's award was based on the complexity of the case and the fact that it took on aspects of a battle of personalities. We recognize that complexity may be considered in determining the amount to be awarded, but that factor alone does not justify the award of full fees. In *Davis v. Hallett*, 587 P.2d 1170 (Alaska 1978), the trial court similarly awarded full attorney's fees due to the complexity of the case. In reversing the award, we stated:

> In the absence of a bad faith defense or vexatious conduct by the losing party in the litigation, we have held it to be "manifestly unreasonable" to award a *full* attorney fee to the prevailing party. The court below made no finding of bad faith by appellant Davis, the Halletts have not alleged such bad faith, and none clearly appears in the record on appeal. We thus reverse the award of full attorney fees, and remand with the instruction that the superior court enter an order for a par-

tially compensatory attorney fee in an amount to be determined by the superior court.

587 P.2d at 1171–72 (citation omitted) (emphasis in original).

Additionally, it is contended that full fees are justified on the common benefit theory. The purpose of the common benefit theory is to have those who share in the benefits of a lawsuit share in the payment of the costs.[16] The reason the common benefit theory is inapplicable is the same as that for denial of full fees on a public interest theory. The court did not base its award on that rationale. Moreover, while the common benefit theory might be applicable to an award against the corporation, in that all the shareholders may be considered beneficiaries as a result of obtaining a fair election,[17] it is not a justification for an award requiring a single shareholder, such as Moses, to personally bear the brunt of the full costs. The distinction is made by the United States Supreme Court in *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 396–97, 90 S.Ct. 616, 628, 24 L.Ed.2d 593, 609 (1970) (footnotes omitted):

> But regardless of the relief granted, private stockholders' actions of this sort "involve corporate therapeutics," and furnish a benefit to all shareholders by providing an important means of enforce-

---

**15.** Whether the public or private nature of a lawsuit against a public body predominates is unimportant in determining the appropriateness of applying the public interest exception. *Compare Girves v. Kenai Peninsula Borough*, 536 P.2d 1221 (Alaska 1975) (implied powers of borough government) *with Munroe v. City Council*, 545 P.2d 165, *opn. on rhg.*, 547 P.2d 839 (Alaska 1976) (challenge to denial of application for special exception to applicable zoning ordinances); *Gilbert v. State*, 526 P.2d 1131 (Alaska 1974) (residence requirements for candidates for political office); *Kelly Supply Co. v. City of Anchorage*, 516 P.2d 1206 (Alaska 1973) (challenge to refusal to permit nonconforming use).

**16.** The common benefit theory is explained more fully in note 7 *supra*.

**17.** *See Brown v. Ward*, 593 P.2d 247 (Alaska 1979), recognizing the need for truthful proxy

solicitations. The United States Supreme Court has recognized that the "dissemination of misleading proxy solicitation was a 'deceit practiced on the stockholders as a group' and the expenses . . . have been incurred for the benefit of the corporation and other shareholders." [Citation omitted.] *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392, 90 S.Ct. 616, 625, 24 L.Ed.2d 593, 606 (1970). This overriding consideration led the Court to conclude that attorney's fees should be awarded as an exception to the American rule. The Court also noted that "the stress placed by Congress on the importance of fair and informed corporate suffrage leads to the conclusion that, in vindicating the statutory policy, petitioners have rendered a substantial service to the corporation and its shareholders." 396 U.S. at 396, 90 S.Ct. at 627, 24 L.Ed.2d at 608–09.

ment of the proxy statute. To award attorneys' fees in such a suit to a plaintiff who has succeeded in establishing a cause of action is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefited from them and that would have had to pay them had it brought the suit.

To require Moses to pay full fees saddles the unsuccessful party with the expenses, and does not impose those costs on the class that has benefited from the litigation. The common benefit theory thus does not justify imposition of full fees against Moses.

 Accordingly, we do not address the question of whether Alaska should adopt the common benefit theory as a supplement to the application of Rule 82 for award of fees.[18] Although the court initially awarded the fees against Aleut and then ordered Moses to reimburse the corporation, the basis for our upholding the order against Moses is the court's power to impose the award of costs against him directly. We conclude that it was error to award full attorney fees against Moses.[19]

## THE AWARD OF FEES FOR SERVICES OF SMITH AND TAYLOR

Attorneys Smith and Taylor were retained by the shareholders to file suit against Aleut. Subsequently, this court held that they could not represent the shareholders because of a conflict of interest. *See Aleut Corporation v. McGarvey*, 573 P.2d 473 (Alaska 1978). Before their disqualification, the pair devoted a substantial amount of time to the present litigation. In awarding full attorney's fees to the shareholders, the trial court included the services rendered by Smith and Taylor minus the portion allocable to the litigation of the conflict of interest dispute. Moses contends that it was error to award any amount for their services because such an award violates public policy.

Initially we find no merit in Aleut's contention that we should overrule our holding in *McGarvey* that Smith and Taylor had a conflict of interest. Cited are two cases, *George v. LeBlanc*, 78 F.R.D. 281 (N.D. Tex.), *aff'd*, 565 F.2d 1213 (1977), and *Jacuzzi v. Jacuzzi Bros.*, 218 Cal.App.2d 24, 32 Cal.Rptr. 188 (1963), which indicate that a former corporate counsel may represent minority shareholders of the corporation in a derivative suit brought against the former directors of the corporation. The courts noted that derivative actions are brought for the benefit of the corporation and, thus, theoretically counsel is not acting adversely to his former client, the corporation, when he later represents minority shareholders against the corporation, which is only nominally a defendant. In both cases, however, there was a factual inquiry as to whether there existed any possibility that confidential information acquired from the corporation during the previous relationship could have subsequently been used to the corporation's disadvantage. Both courts concluded there was not. In *Goldstein v. Lees*, 46 Cal.App.3d 614, 120 Cal.Rptr. 253, 256 n. 4 (1975), the court distinguished *Jacuzzi* because, unlike *Jacuzzi*, the former corporate attorney had "obtained confidential information relating to the subject of the action while acting as attorney for the corporation."[20] Thus, the *Goldstein* court held that

---

**18.** Our discussion concerning the authority to award full fees against Moses on the common fund or benefit theory is not intended to dispose of contentions concerning Aleut's right to indemnity from Moses. That question is discussed in the final section of this opinion.

**19.** As we have stated, the purpose of Civil Rule 82 relating to attorney's fees is "to partially compensate a prevailing party", *Malvo v. J. C. Penney Co.*, 512 P.2d 575 (Alaska 1973), and that full attorney's fees will not be awarded

except in exceptional circumstances which we have related. Consequently, since there are no such circumstances, and the trial court has not set forth a valid reason for making any exception to the *Malvo* rule, we conclude that it was error to award full attorney fees against Moses.

**20.** *Jacuzzi* was questioned in *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964). *See also E. F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 393 (S.D.Tex. 1969).

the former corporate counsel could not represent minority shareholders. This court has already found that "there is a strong likelihood that during the course of his representation of [Aleut], Smith acquired knowledge . . . of the corporation [which] will aid him in the prosecution of this lawsuit against it." *McGarvey*, 573 P.2d at 475. Nothing presented to us on this appeal has altered that conclusion. It follows from *Goldstein* that there was a conflict of interest and that *McGarvey* should not be overruled.

■ It is well established that an attorney, disqualified on conflict-of-interest grounds, generally is barred as a matter of public policy from receiving any fee from either of the opposed interests.[21] Although there is no indication that Smith and Taylor acted with improper motives, *see McGarvey*, 573 P.2d at 476, in representing the shareholders, they are, nevertheless, barred from recovery.[22]

■ Aleut argues that this case is not within the general rule that attorneys, disqualified on conflict-of-interest grounds, cannot recover fees, for two reasons. First, it argues that there is a distinction between this type of shareholder suit and suits *inter partes*. Second, it contends that the rule denying recovery of fees is inapplicable when the common benefit theory applies.

In support of its first contention, Aleut relies on *Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917 (2d Cir.), *cert. denied*, 340 U.S. 813, 71 S.Ct. 40, 95 L.Ed. 597 (1950). In *Silbiger*, the court recognized a distinction in corporate reorganizations which justified an exception to the rule that an attorney who represents opposing interests is barred from attorney's fees. The court stated:

> [We] think that in a corporate reorganization proceeding it is reasonable not to impose *an entire forfeiture of the [fee] allowance*, when it comes in no part out of any group that can have been prejudiced by the attorney's divided allegiance.

*Id.* at 921 (emphasis added). It is clear that *Silbiger* does not support the broad proposition that shareholder suits are exceptions to the general rule regarding forfeiture of attorney's fees. The reasons the court created the exception were twofold: (1) the unique characteristics of reorganization allowed the court to approve representation of conflicting interests,[23] and (2) a finding of no actual prejudice.[24] This court has already noted that if Smith represented the shareholders, the corporation would be prejudiced.[25] Moreover, the exception has not, as Aleut asserts, been extended to shareholders' suits against a corporation.[26]

Alternatively, Aleut argues that full attorney's fees are justified under the com-

---

**21.** *See Chicago & West Towns Rys. v. Friedman*, 230 F.2d 364, 369 (7th Cir.), *cert. denied sub nom., Edwards v. Friedman*, 351 U.S. 943, 76 S.Ct. 837, 100 L.Ed. 1469 (1956); *Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917, 920–21 (2d Cir.), *cert. denied*, 340 U.S. 813, 71 S.Ct. 40, 95 L.Ed. 597 (1950); *Anderson v. Eaton*, 211 Cal. 113, 293 P. 788 (1930); *Jeffry v. Pounds*, 67 Cal.3d 6, 136 Cal.Rptr. 373, 375 (Cal.App. 1977); *Goldstein v. Lees*, 46 Cal.App.3d 614, 120 Cal.Rptr. 253 (Cal.App. 1975); *Frederick v. Ziegler Coal Co.*, 56 Ill.App.3d 888, 372 N.E.2d 730, 733 (1978); *Rolfstad, Winkjer, Suess, McKennett & Kaiser, P. C. v. Hanson*, 14 Ill. Dec. 534, 221 N.W.2d 734, 737 (N.D. 1974).

**22.** *Fraser v. Crounse*, 56 A.2d 54, 55 (D.C.Mun. App. 1947); *King v. King*, 52 Ill.App.3d 749, 10 Ill.Dec. 592, 594, 367 N.E.2d 1358, 1360 (1977). As to good faith not barring a finding of conflict of interest, *see also In re Estate of Rorem*, 245 Iowa 1125, 66 N.W.2d 292, 301 (1954); *In*

*re Pfiffner's Guardianship*, 194 S.W.2d 233, 236 (Mo.App. 1946); *W. C. Turnbow Petroleum Corp. v. Fulton*, 199 S.W.2d 263, 264 (Tex.Civ. App. 1946); *Bryant v. Lewis*, 27 S.W.2d 604, 608 (Tex.Civ.App. 1930).

**23.** *See* C. Meyers, *Appellate Review of Attorney Allowances in Chapter X Reorganizations*, 53 Columbia L.Rev. 1039, 1050 (1953).

**24.** *Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917, 921 (2d Cir.), *cert. denied*, 340 U.S. 813, 71 S.Ct. 40, 95 L.Ed. 597 (1950).

**25.** The *Aleut Corp. v. McGarvey*, 573 P.2d 473, 475 (Alaska 1978).

**26.** *See Goldstein v. Lees*, 46 Cal.App.3d 614, 120 Cal.Rptr. 253 (1975), denying attorney's fees in a shareholder suit when there was a conflict of interest.

mon benefit doctrine even if the attorneys had a conflict of interest. As we have previously indicated, however, the common benefit doctrine is inapplicable to the award of fees against Moses. Moreover, neither of the two cases cited by Aleut, *Magida. v. Continental Can Co.*, 176 F.Supp. 781 (S.D. N.Y. 1956), and *Watkins v. Sedberry*, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802 (1923), support its position that an attorney, disqualified on conflict-of-interest grounds, can recover attorney's fees.[27]

We conclude that it was error for the trial court to award any attorney's fees for the services of Smith and Taylor.[28]

## THE AWARD AGAINST MOSES FOR ALEUT'S COSTS AND FEES

In addition to ordering Moses to pay the fees incurred by the shareholders, the court required him to pay Aleut's costs and fees in defense of the action. As we have indicated, Moses and Aleut were represented by the same attorney and no claims of any nature were filed by Aleut against Moses. We have stated that the prevailing party to a suit is "the one who successfully prosecutes the action or successfully defends against it . . . ." *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964). Here, the corporation neither successfully prosecuted an action against Moses nor successfully defended an action prosecuted by Moses. Accordingly, it could not "prevail" over him.

Under some circumstances a party may be considered to have prevailed over another even though neither has filed a claim. For example, in *State v. Walsh & Co.*, 575 P.2d 1213 (Alaska 1978), a third-party defendant was awarded fees against the plaintiff who had not alleged any direct claim against the third party. The outcome of the litigation depended on whether the third-party defendant had paid the plaintiff, so that they were aligned in opposition. Here, however, Moses and the corporation were not aligned on opposing sides of the controversy. They used the same attorney and had the same goal. Thus, *Walsh* is inapplicable.

Even if it did not prevail directly over Moses, the corporation argues that the award was proper as indemnification for the wrongs committed.[29] Moses concedes that if an indemnification suit were brought and won by the corporation, it would be entitled to reasonable attorney's fees incurred in the defense of the shareholders' suit.[30] Moses points out that no such suit was brought.

In *Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059 (Alaska 1979), the Heritages sued Pioneer, the retailer from whom they had purchased a mobile home, and Moduline Industries, Inc., the manufacturer, alleging defects. Pioneer crossclaimed against Moduline. Judgment was entered for the defendants, and they were awarded costs and attorney's fees against the Heritages. Pioneer was separately awarded costs and full fees against Moduline less whatever amount was to be paid Pioneer by the Heritages. This award was made after the court had directed a verdict

---

**27.** In *Watkins v. Sedberry*, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802 (1923), the attorney had entered into a champterous contract, but it was not a conflict-of-interest case.

**28.** In view of our holding, we do not address Moses' contention that no fee should be allowed for the services of Smith and Taylor because they did not charge for their services.

**29.** A principal may obtain indemnity from an agent committing a wrong which results in liability to a third party. *Austin v. Fulton Ins. Co.*, 498 P.2d 702 (Alaska 1972).

**30.** *See generally Witherspoon v. Hornbein*, 69 Colo. 535, 196 P. 865, 866 (1921) ("[T]he directors of the corporation who are responsible for the conditions which made the stockholders' suit necessary should bear the expenses of the attorneys employed by them to defend their own misdeeds in office, instead of the corporation"); *Belcher v. Birmingham Trust Nat'l Bk.*, 348 F.Supp. 61, 154 (N.D.Ala. 1968); W. Fletcher, *supra* note 7, § 6045 at 564.

for Pioneer on the issue of its right to indemnity against Moduline for any damages that Pioneer might suffer as a result of the litigation. We held:

> [W]here indemnification is required, and the indemnitor has been given proper notice of the pending litigation and an adequate opportunity to undertake its duty to defend, the indemnitee is entitled to recover full costs and attorney's fees for the expenses of its successful defense of the action giving rise to the claim for indemnity.

*Id.* at 1067 (footnote omitted).[31]

Here Moses contends that he has not been given an opportunity to defend against an indemnity claim. He states that others within the hierarchy of the Aleut Corporation may be at fault for the invalid financial contents of the letter soliciting proxies. Regardless of the trial court's or our views as to the likelihood of Moses being successful in the defense of an indemnity claim, he is entitled to his day in court. It was error to award Aleut indemnification for its costs and fees in defense of the suit brought by shareholders.

 In conclusion, we affirm in part the court's award of costs and fees in favor of Aleut against Moses for the shareholders' costs and fees assessed against Aleut.[32] We hold, however, that the court erred in awarding full fees against Moses; in including in the award the fees of Attorneys Smith and Taylor; and in ordering Moses to indemnify Aleut for its costs and fees incurred in defense of the action.

AFFIRMED in part, REVERSED in part, and REMANDED.

CONNER and MATTHEWS, JJ.

---

**31.** *See also Manson-Osberg Co. v. State,* 552 P.2d 654 (Alaska 1976), involving an express indemnity clause.

**32.** The superior court, on remand, should require Moses to pay Aleut the shareholders' costs assessed against Aleut and, under Rule 82, a reasonable amount for the services rendered by Attorney DuBrock. When counsel request attorney fees, other than based on the schedule set forth in Rule 82(a)(1), accurate records of the hours expended and a brief description of the services reflected by those hours should be submitted.