See also, Alaska, 608 P.2d 759.

**Carl WHITSON, Individually and as Officer, Agent, or Employee of the Libertarian Party, and the Libertarian Party, Appellants,**

v.

**ANCHORAGE, a Municipal Corporation, Appellee.**

**No. 5469.**

Supreme Court of Alaska.

Aug. 7, 1981.

George Trefry, Holland & Trefry, Anchorage, for appellants.

Donald L. Starks, Asst. Municipal Atty., and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before RABINOWITZ, C.J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

In 1977, Carl Whitson presented a petition to the Anchorage municipal clerk to

---

**16.** *See Miller v. McManus,* 558 P.2d 891, 893 (Alaska 1977).

have an initiative placed on the next election ballot. The initiative, if it had passed, would have amended the Anchorage Municipal Charter by adding the following article:

> Section 14.10(e). Any new tax and any increase in any tax rate must be ratified by a majority of those voting on the question at a regular or special election.

In January, 1978, the municipality filed a complaint seeking a declaratory judgment that the proposed initiative was unlawful, unconstitutional and void. The superior court granted summary judgment to the municipality and ordered the initiative removed from the ballot. Whitson appealed the decision to this court and we affirmed it on the basis that the initiative conflicted with a state statute. *Whitson v. Anchorage*, 608 P.2d 759, 761 (Alaska 1980).

Pursuant to former Appellate Rule 29,[1] we initially awarded the municipality $589.53 for its costs and attorney's fees incurred in the appeal. Upon petition for rehearing by Whitson, we vacated that award and ordered the parties to bear their own costs and fees. This was because we found persuasive Whitson's argument that the appeal involved issues of public interest. In accordance with *Gilbert v. State*, 526 P.2d 1131 (Alaska 1974), and its progeny, we decided that public policy precluded an award of fees and costs against Whitson, "a losing party who [had] in good faith raised a question of genuine public interest" before this court. *Gilbert v. State*, 526 P.2d at 1136. This reasoning, however, was not reflected in our mandate.

Subsequently, the municipality requested the superior court to award it $4,482.00 for attorney's fees incurred in the superior court action because after our decision in *Whitson v. Anchorage* it was the prevailing party in that action. The superior court awarded the requested sum. After his motion for reconsideration was denied, Whitson brought this appeal.

Whitson argues that the policy of not awarding attorney's fees against a losing private party in public interest litigation precludes the award of attorney's fees made by the superior court in this case. We agree. There is little point, however, in discussing this issue in the context of previously announced criteria for the award of attorney's fees in public interest litigation.[2] Although we have held that unsuccessful private parties are shielded from the award of attorney's fees to governmental defendants in public interest litigation (*Douglas v. Glacier State Telephone Co.*, 615 P.2d 580, 594 (Alaska 1980); *Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974)), we have never decided a case in which the private party is the defendant and the governmental agency is the plaintiff. Nonetheless, we find the underlying reasons for the policy to be equally applicable in this situation. Attorney's fees are not awarded against a losing private party in public interest litigation because this could deter citizens from litigating issues of public concern. *Douglas v. Glacier State Telephone Co.*, 615 P.2d at 594.

This rationale applies with equal strength to plaintiffs who are raising public interest claims and defendants who are opposing a challenge by raising a public interest defense. In either case, litigants should not be deterred by the prospect of the imposition of court-awarded attorney's fees to the opposing party. Furthermore, the procedural history of a case that results in a citizen defending, rather than initiating, a public interest lawsuit does not alter his status as a "private attorney general." If the municipality had refused to place the initiative on the ballot, Whitson could have instituted an action against it, and he would then have been a traditional private party plaintiff. Whitson should not be required

---

1. Former Appellate Rule 29(d) provided in pertinent part that "[w]here costs are allowed in the appellate court, attorney's fees may also be allowed in an amount to be determined by the court." This provision is now set forth in Appellate Rule 508(e).

2. *E.g., Moses v. McGarvey*, 614 P.2d 1363, 1369 (Alaska 1980); *Thomas v. Bailey*, 611 P.2d 536, 539 n.7 (Alaska 1980); *Anchorage v. McCabe*, 568 P.2d 986, 991 (Alaska 1978).

to bear the costs of public interest litigation merely because the municipality decided to bring an action for declaratory judgment against him, or—to phrase it differently— merely because the municipality "beat him to the court steps."

Whitson's attempt to place an initiative on the ballot that would have given voters more direct control over taxes was not frivolous and was not primarily intended to further his own interests. Although the proposed amendment was ultimately found to be impermissible because it conflicted with state law, Whitson's defense of the municipality's action helped define the boundaries of what can be accomplished by the initiative process. This benefits all citizens of the state who are interested in exercising their constitutional right to enact legislation through the initiative process. Alaska Const. art. XI, § 1.

We conclude that the superior court's award of attorney's fees to the municipality was manifestly unreasonable. The order is REVERSED.