**F. Jackson McCORMICK, Jack N. Jordan and Beverly Fletcher, Appellants.**

v.

**H. Sally SMITH, Appellee.**

No. S–3666.

Supreme Court of Alaska.

Aug. 2, 1990.

On Reconsideration Sept. 11, 1990.

ORDER REGARDING MOTION FOR RECONSIDERATION OF AWARD OF ATTORNEY FEES AND COSTS AND MOTION FOR AWARD OF AIRFARE AS PART OF COSTS ON APPEAL

MATTHEWS, Chief Justice.

After reversing the superior court and finding in favor of appellants-intervenors, *McCormick v. Smith,* 793 P.2d 1042 (Alaska 1990), we awarded appellants $750 for attorney's fees on appeal, plus costs as yet fully determined. Smith claims that these costs should not be assessed against her because she is a public interest litigant. She points out that the superior court found her to be a public interest litigant when it awarded full attorney's fees and costs against the City of Dillingham before the appeal.[1]

■ In answering this question, we "must determine whether [Smith] sought to protect the public interest when [she] filed this action." *See Southeast Alaska Conservation Council, Inc. v. State,* 665 P.2d 544, 553 (Alaska 1983). More specifically, we must determine whether (1) the case was designed to effectuate strong public policies, (2) numerous people would have benefitted had Smith prevailed, (3) only a private party could have been expected to bring the suit, and (4) Smith did not otherwise have a sufficient economic incentive to file suit. *See id.*

■ Prongs three and four appear to be satisfied. Smith filed this suit in response to alleged errors made by the City of Dillingham when the city approved an application for a petition to recall Smith and two other persons from their positions on the. school board. *See McCormick,* 793 P.2d 1042, 1043. Only private persons—the offi-

---

1. The superior court denied Smith's motion for attorney's fees from intervenors, finding that
the latter were also public interest litigants.

cials sought to be recalled—could be expected to file a lawsuit challenging improprieties related to scheduling a recall election. The third prong is thus satisfied.

It would also appear that Smith did not have any economic incentive to file this suit. She sought only to enjoin the recall election, not to recover money damages. *See id.* Moreover, according to Smith, she serves on the school board "without compensation." Thus, prevention of her recall was not intended to protect a paycheck. Accordingly, Smith appears to meet the fourth prong of the test.

More difficult questions are presented with respect to prongs one and two. That is, whether Smith's case was designed to "effectuate" or "protect" strong public policies and thus "benefit" numerous people. *See Conservation Council,* 665 P.2d at 553. The purpose of Smith's case was to *prevent* the recall election from occurring and thus, in a sense, *deprive* citizens of Dillingham of the opportunity to vote. To accomplish this end, Smith raised procedural challenges to recall petitions which had garnered sufficient support from citizens of Dillingham to require the recall election. *See McCormick,* 793 P.2d 1042, 1043. Accordingly, appellants contend that Smith is not a public interest litigant, arguing that her case was primarily aimed at serving her own private interest and cut against "a commonly-held constitutional right."

Although Smith's lawsuit in a sense impairs the right to vote, dicta from this court's decision in *Falke v. State,* 717 P.2d 369 (Alaska 1986) appears to support Smith's contention that she is a public interest litigant. In that case, Falke, a candidate for the state senate, sought to have his opponent's name removed from the primary ballot on a very technical ground. The opponent had submitted his declaration-of-candidacy and conflict-of-interest

forms ten minutes late. Falke claimed that his opponent's tardiness required that his name be removed from the ballot. *Id.* at 370. Falke's case was thus designed to limit the voters' choice of candidates and, as in the present case, in a sense impaired the right to vote.

Falke lost in the trial court and was assessed $100 in attorney's fees after the court denied him status as a public interest litigant. *Id.* On appeal, this court reversed Falke's loss on the merits and "[t]hus, the fee award cease[d] to be an issue." *Id.* at 376 n. 10. However, the court went on to "note that it is an abuse of discretion to award attorney's fees where a losing party 'in good faith raised a question of genuine public interest before the courts.' *Gilbert v. State,* 526 P.2d 1131, 1136 (Alaska 1974)." *Id.*[2] The court then stated:

> We find that Falke satisfies the criteria that determine whether a party is a public interest litigant. *See Southeast Alaska Conservation Council v. State,* 665 P.2d 544, 553 (Alaska 1983);[3] *Thomas v. Croft,* 614 P.2d 795, 798 (Alaska 1980) ("Plaintiffs who in good faith seek to vindicate the strong public policy favoring fair and correctly conducted elections should not be penalized by an assessment of attorney's fees unless the suit is frivolous.").

*Id.*

Likewise, Smith sought to maintain the procedural integrity of the election process and, therefore, according to the dicta in *Falke,* she "should not be penalized by an assessment of attorney's fees unless the suit is frivolous."[4] To be sure, the benefit to the public had she prevailed would seem slight. It would nevertheless seem sufficient. *See Gilbert v. State,* 526 P.2d 1131, 1135 (Alaska 1974) (holding that a potential

---

2. It is important to point out that the case could have been distinguished from *Gilbert.* In *Gilbert,* a potential candidate for state senate challenged residency requirements for candidacy in a suit designed to *increase* "the voters' choice of candidates," 526 P.2d at 1135, and thus augment the right to vote. The potential candidate lost but could not be assessed fees because he was a public interest litigant. *Id.* at 1136.

3. The *Conservation Council* criteria are set forth above.

4. On the merits, Smith's primary contention presented a "close" question, *McCormick,* 793 P.2d 1042, 1046–47, and therefore, her suit should not be regarded as frivolous.

candidate for state senate who lost in his challenge to residency requirements was a public interest litigant, despite the court's findings that the effect on voters' choice of candidates was "more hypothetical than real" and only "slight").

▮ Appellants also argue that even if Smith is a public interest litigant vis-a-vis the City of Dillingham, it does not follow that she is against the appellants (private persons who intervened). While there may be merit to such an argument where public interest status is being used offensively to recover full attorney's fees, use defensively to ward off imposition of the other party's fees creates no obvious problems.[5] We therefore conclude that Smith is a public interest litigant and should not be made to pay appellants' attorney's fees.

For the reasons above stated,

IT IS ORDERED:

1. The motion for reconsideration of award of attorney fees and costs is granted and the prior award of fees and costs to appellants is vacated.

2. The appellants' motion for an award of air fare is denied.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## ORDER

On reconsideration of the order of Chief Justice Warren W. Matthews of August 2, 1990 ▮ granting a motion for reconsideration of the award of attorney's fees and costs and vacating the prior award of attorney's fees and costs to the appellants and denying the motion of the appellants for an award of airfare as costs,

IT IS ORDERED:

The order of Chief Justice Warren W. Matthews of August 2, 1990, is affirmed. The order is approved for publication.

---

5. This court has stated

that the cases discussing full fees on [the public interest] basis have involved public or governmental agencies and that in no case have full fees been assessed against an individual defendant on the public interest theory. It is entirely justifiable for a public or governmental agency to bear the full costs of litigating a *public interest question because the public* benefits. In cases involving the personal liability of an individual defendant, there is no such benefit conferred on the defendant as *a result of litigating a question of genuine* public interest.

*Moses v. McGarvey*, 614 P.2d 1363, 1369–70 (Alaska 1980) (footnotes omitted). From this statement, it would seem to follow that where both parties are individual, public interest litigants, neither should be made to bear the fees of the other; each should simply pay their own.