[No. 2,927.]

## W. N. CUMMINGS *v.* W. H. STEWART.

REPLEVIN—ERRONEOUS JUDGMENT.—Where the action was replevin in the detinet, and the Court found that the value of the property was six hundred dollars, that the plaintiff was its owner and entitled to its possession, and that the defendant detained it from him, and then gave judgment in favor of the plaintiff for the property, or for the sum of one hundred and seventy-six dollars and twenty cents, at the option of the defendant; *held*, to be error; first, because it gave the defendant the option to retain the property by paying a named sum; and, second, because the sum to be paid was less than the value, as found.

APPEAL from the District Court of the Third Judicial District, County of Santa Cruz.

On the 12th of October, 1869, Strahle & Hughes leased certain billiard tables to McEwen for one year, under a written agreement that he should pay them a monthly rent of forty-three dollars and eighty-four cents, and at the end of the year should have the right to purchase the property for the sum of five dollars. On the 12th day of July, 1870, McEwen sold the tables to one Otto, informing him that fifty-three dollars and eighty-seven cents of the rent remained unpaid. In the same month Otto sold the property to the defendant for eight hundred dollars, and afterwards

tendered to Strahle & Hughes fifty-three dollars and eighty-seven cents, which they refused to receive, claiming that there was due them the sum of one hundred and seventy-six dollars and twenty-four cents.   In July, 1870, Strahle & Hughes sold their interest in the tables to the plaintiff, who brought this suit to recover the property, or the value of it. The Court rendered judgment in favor of the plaintiff for the property, or for one hundred and seventy-six dollars and twenty cents.

The other facts are stated in the opinion.

*Albert Hogan,* for Appellant.

*Heacock & Adams,* for Respondent.


By the Court, WALLACE, J.:

The Court below found that the title to the personal property sued for was in Strahle & Hughes, and was vested in Cummings by the transfer they made to him in July, 1870, and that it had never vested in McEwen, Otto, or the defendant, Stewart; that Cummings, after the transfer to him, and before commencing the action, demanded of the defendant the possession of the property, but the latter refused to comply with the demand; that the rent due upon the lease had not been paid according to its terms; that Otto, from whom the defendant derived the property, had tendered to Strahle & Co. only fifty-three dollars and eighty-seven cents, when the amount really then due for rent was one hundred and seventy-six dollars and twenty-four cents; that Strahle & Co. had refused to receive the smaller amount so tendered; and that the value of the property was six hundred dollars.

Thereupon judgment was rendered that plaintiff recover the property, or one hundred and seventy-six dollars and twenty cents, with interest thereon.

Subsequently to the rendition of this judgment, the de-

fendant having deposited in Court the amount of the judgment and costs, the Court *ordered* that the property in controversy be redelivered to the defendant, that he be "declared to be the owner thereof," and that satisfaction of the judgment be entered. This appeal is from the *judgment* and the *order*.

The Court having found that the property belonged to the plaintiff, and not to the defendant, and the latter having no right to detain it after the demand made upon him for its delivery, and it being also found that its value was six hundred dollars, it followed by necessary legal conclusion that the plaintiff was entitled to the property, if it could be had, or if it could not, then to its ascertained value—six hundred dollars.

The amended answer of the defendant denied the title of the plaintiff, and denied his right to the possession of the property in controversy. It did not set up the lease from Strahle & Co., under which the defendant had received it, nor did it aver performance or any excuse for non-performance by the defendant, or by McEwen, or Otto, of the conditions and stipulations of the lease, nor offer to pay the rent then due, or due at any time and unpaid, or allege any matter whatsoever entitling the defendant to be relieved from the ascertained forfeiture of the right of possession of the property under the terms of the lease. The defense rested wholly upon the asserted legal right of the defendant to the property and to its possession. There was, therefore, no case presented for relief upon equitable grounds, or by the payment or tender of the rent due upon the lease. That one hundred and seventy-six dollars and twenty cents was due as rent, and not merely the smaller sum of fifty-three dollars and eighty-seven cents, tendered and refused, was only important as establishing that under the terms of the lease the defendant had lost the right to the possession of the property sued for, and was not to be considered for the purpose

of affecting the amount of money for which judgment was to be rendered if the plaintiff should succeed in the action.

Again, the action was replevin in the detinet, and the facts being ascertained that the property was of the value of six hundred dollars, that the plaintiff was its owner and entitled to its possession, and that the defendant detained it from him (no damages for the detention being found), it resulted that the plaintiff was entitled to judgment for the possession of the property, if delivery thereof could be had; otherwise, for its value as found.

But the judgment as rendered, was for the property or for one hundred and seventy-six dollars and twenty cents, with interest, etc., and as thus rendered it gave the defendant *the option* to retain the property by paying a named sum of money, and that sum, too, less in amount than the ascertained value of the property itself.

I think that the judgment and order should be reversed and the cause remanded, with directions to render judgment for the plaintiff, in accordance with the views expressed in this opinion.

Mr. Justice SPRAGUE expressed no opinion.