[S. F. No. 9769. In Bank.—August 30, 1921.]

RIO VISTA MINING COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF PLUMAS et al., Respondents.

[1] DISMISSAL OF ACTION—EXPIRATION OF FIVE YEARS.—The provisions of section 583 of the Code of Civil Procedure are mandatory in the matter of a dismissal of an action after five years except where the parties have stipulated in writing that the time may be extended beyond the five-year limitation.

[2] ID.—EXTENSIONS WITHIN STATUTORY PERIOD.—Extensions of time made or stipulated to dates for trial within the statutory term of five years provided by section 583 of the Code of Civil Procedure do not operate to prolong such period.

[3] ID.—TRIAL AFTER EXPIRATION OF FIVE YEARS—JURISDICTION.—A court is not deprived of jurisdiction to try a case by the mere lapse of five years after answer filed, since it is only after due notice to the plaintiff that the action may be dismissed on motion of the defendant, and until the actual dismissal the matter of going to trial remains subject to the stipulation of the parties.

[4] ID.—CONDUCT OF COUNSEL—CONSENT TO TRIAL AFTER EXPIRATION OF STATUTORY PERIOD.—A court was not deprived of jurisdiction to try a case after the expiration of the five-year period provided in section 583 of the Code of Civil Procedure, although the cause was continued beyond such period by the court on its own motion without the consent of either party, where the long delay in bringing the case to trial was at the repeated request and for the accommodation of the defendants, and the defendants after the expiration of such period requested a continuance and agreed upon a new date of trial before moving for a dismissal of the action.

187 Cal.—1       (1)

APPLICATION for a Writ of Mandamus to enforce the dismissal of an action.   H. D. Burroughs, Judge Presiding. Denied.

The facts are stated in the opinion of the court.

W. A. Dow for Petitioner.

W. E. Davies and J. E. Ebert for Respondents.

SLOANE, J.—This matter is before this court on petition for writ of mandate to enforce the dismissal of an action for failure to bring the same to trial within five years after answer filed, as required by section 583 of the Code of Civil Procedure.

The action was brought in said superior court by one Ed Metcalf, as plaintiff, against the petitioner here, Rio Vista Mining Company, and others, as defendants.   The suit was begun August 13, 1913.   Various pleadings were filed, but it is conceded by the parties that the matter was finally brought to issue by a stipulated answer on September 24, 1915.

The attorney for plaintiff in this action resides at Marysville and the attorneys for petitioner reside and have their office in San Francisco, while the action was pending in the county of Plumas.   Hence, it appears that most of the negotiations herein referred to have been carried on by correspondence.

The defendant, petitioner here, claiming that the action had not been brought to trial within the five-year period under section 583, *supra,* moved the court for a dismissal on the 10th of March, 1921, more than five years after answer filed.

The motion was denied in the superior court, and this proceeding followed.

On the face of the petition the petitioner was entitled to a dismissal.

[1]   The provisions of section 583 of the Code of Civil Procedure are mandatory in the matter of a dismissal after five years "except where the parties have stipulated in writing that the time may be extended" beyond the five-year limitation. (*Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002]; *Larkin* v. *Superior Court,* 171 Cal. 720, [Ann. Cas. 1917D, 670, 154 Pac. 841].)

Respondents have set up by way of answer and affidavits certain facts upon which they rely as an extension of time for bringing the cause to trial, both by way of estoppel and stipulation.

It appears without dispute that the plaintiff had the cause set down for trial on several occasions, and that postponements were taken at the request and for the accommodation of the defendant, the petitioner herein, in each instance. None of these stipulated continuances, however, carried the time of trial beyond the five-year limitation.

[2] It has been settled under the rulings of this court that no extension made or stipulated to dates within the statutory term of five years operates to prolong the five-year period. (*City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 197 Pac. 79]; *Larkin* v. *Superior Court, supra.*)

The five-year period dating from the filing of the answer expired on the 24th of September, 1920.

By stipulation of the parties the cause was last set down for trial, before the expiration of the five years, for June 22, 1920. There was a continuance granted at the request of defendants to the 12th of August. On or about the 10th of August the trial judge notified the parties that he had again continued the trial to December 8th on account of inability of the judge who was to hear the case to be present at an earlier date. This carried the date of trial beyond the five-year period, and the postponement was made on the court's own motion without the consent of either of the parties. However, no objection was made by either plaintiff or defendants, and as the burden was upon the plaintiff to bring the cause to trial within the time prescribed by law, it may be conceded that in the absence of further effective stipulation or waiver on the part of the defendants the action was subject to dismissal for want of prosecution at any time on defendants' motion or by the court on its own motion.

Instead of moving for a dismissal, the defendants thereafter, about the 1st of December, 1920, notified the trial court that they could not proceed to trial on the 8th of December, for the reason that one of their principal witnesses was outside the state and could not be present on the date named, and the court thereupon reset the hearing for March 2, 1921, and notified both parties of such postponement. Following this, as affiant, the trial judge

deposes, "said affiant received a request or communication from said Powell & Dow, said attorneys for said defendant, Rio Vista Mining Company [the petitioner], requesting that affiant do continue said date or time of trial from March 2d, 1921, to some time during the week commencing March 7th, 1921, as an accommodation to said firm," as they were engaged in the trial of another case in San Francisco. Thereupon, "affiant informed said Powell & Dow to take said matter up with J. E. Ebert, attorney for plaintiff, for an extension of time of trial herein," and he would appoint a new date for the trial in accordance with their agreement. Such conference was had between the attorneys for the respective parties and as a result of their meeting they agreed upon the 10th of March, 1921, as a new date of trial. Attorneys for petitioner sent to the trial judge the following telegram, signed by attorneys for both parties: "We both agree upon March 10th." The trial, pursuant to this stipulation, was again set for that date, and upon the matter coming on for hearing, the parties all being present, defendant, the petitioner here, for the first time objected to the trial of the case on its merits, and made its motion for a dismissal for failure of respondent to bring the case to trial within five years from date of filing answer.

The court denied the motion and the trial was taken up, both parties participating in contesting the action on its merits.

It is entirely clear on the face of the record that after the expiration of the five years petitioner made no move to have the case dismissed until the day finally set for trial, and that it was stipulated over the signatures of both parties that the cause be brought to trial on its merits on that day. Nothing appears in the record of any notice of objection to the trial, and the negotiations of the parties preceding the telegram clearly indicate that what they had in contemplation was a trial on the merits, in notifying the court that "We both agree on March 10th."

It seems to have been conceded by counsel on both sides at the oral agrument of this petition for writ of mandate before this court, that at the conference between counsel preceding the telegram, counsel for petitioner suggested that he did not think the court had jurisdiction of the case.

The conduct of counsel for petitioner and the signed telegram were such, however, as to give the court jurisdiction if it could be conferred by the written consent of the parties.

There are no equities in behalf of petitioner in this matter. It is apparent that the long delay in bringing the cause to trial was at the repeated request and for the accommodation of the defendants, and that the attitude of defendants' counsel throughout was such as to lull the plaintiff into a sense of security as regards the provisions of section 583 of the Code of Civil Procedure. The question resolves itself into the bare legal proposition as to whether the mere lapse of five years before trial deprived the court of jurisdiction to thereafter try the case, even by consent of the parties.

[3] We do not think it did. If the parties had appeared in court at the final date set and voluntarily tried the case without objection, it will hardly be disputed that a judgment following such trial would be valid.

Where a cause of action is within the general jurisdiction of a court, the voluntary appearance of the parties and submission of the cause on its merits confers jurisdiction to try the issues presented. (*Allen* v. *Allen*, 159 Cal. 197, [113 Pac. 160]; *In re Crawford*, 68 Ohio St. 58, [96 Am. St. Rep. 648, 67 N. E. 156]; *Lewis* v. *Albertson*, 23 Ind. App. 147, [53 N. E. 1071].)

If the parties can waive the right to object to want of jurisdiction by actually going to trial they certainly can confer such jurisdiction by a stipulation to submit the cause to trial.

There is, moreover, nothing in the wording of the statute in question to deprive the court of jurisdiction upon the mere lapse of five years. It is only after due notice to plaintiff that it may be dismissed on motion of the defendant, and until the actual dismissal, there appears no reason why the matter of going to trial should not remain subject to the stipulation of the parties.

Unlike the preceding sections, 581a, and 581b, directing dismissals upon failure to issue and return summons within a specified period, or upon failure to pay fees on transfer of actions, section 583 does not require that such actions shall not be "furthr prosecuted and no further proceedings

shall be had therein,'' after the limited time has expired. The provision of section 583 for an extension of time for trial by stipulation of the parties, and directing notice, before dismissal on motion of the plaintiff, would suggest that even a dismissal on the court's own motion would contemplate some previous determination, as to whether or not such stipulation between the parties existed. Under sections 581a and 581b the writ of prohibition has been upheld to prevent further exercise of jurisdiction in actions coming under those provisions (*Modoc Land Co.* v. *Superior Court,* 128 Cal. 255, [60 Pac. 848]; *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450]), and such dismissal can be had without notice to either of the parties. (*Ransome-Crummey Co.* v. *Wood,* 40 Cal. App. 355, [180 Pac. 951].)

The only relief granted under section 583 by our decisions has been to require, on proper showing, that an order of dismissal be entered, upon the apparent assumption that until such dismissal is made or demanded the parties are at liberty to treat the action as pending and within the jurisdiction of the court. Even under sections 581a and 581b it is held that the control of the court over the action is not lost for some purposes until the order of dismissal is made. (*Consolidated Construction Co.* v. *Pacific Elec. Ry. Co.,* 184 Cal. 244, [193 Pac. 238].) In any event, it was competent for the parties here by consenting to go to trial upon the issues as framed in the action to confer jurisdiction upon the court to try the case.

[4] We are of the opinion that the correspondence between the plaintiff and defendant with reference to setting the case for trial after the expiration of the five-year period, followed by the signed telegram agreeing upon the date, constituted a stipulation in writing signed by the parties agreeing to bring the case to trial at a date beyond the period prescribed by section 583 of the Code of Civil Procedure.

The writ is denied.

Lennon, J., Wilbur, J., Shaw, J., Shurtleff, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., who was absent.