[Civ. No. 9402.    Fourth Dist., Div. Two.    Feb. 20, 1969.]

BIG BEAR MUNICIPAL WATER DISTRICT, Petitioner,
v. THE SUPERIOR COURT OF SAN BERNARDINO
COUNTY, Respondent; SAN BERNARDINO VALLEY
MUNICIPAL WATER DISTRICT et al., Real Parties
in Interest.

Alexander R. Tobin and Lawrence M. Gassner for Petitioner.

No appearance for Respondent.

Garst & Dilworth, James W. Dilworth, Surr & Hellyer and John B. Surr for Real Parties in Interest.

TAMURA, J.—Petitioner, Big Bear Municipal Water District (Big Bear District) seeks a writ of mandate to compel the superior court (1) to dismiss an eminent domain action instituted by San Bernardino Valley Municipal Water District (Valley District) on the ground that summons was not returned within three years as required by section 581a of the Code of Civil Procedure,[1] and (2) to vacate an order barring Mr. Tobin, attorney for Big Bear District, from further participation in the Valley District eminent domain action.[2]

---

[1]All references to code sections are to the Code of Civil Procedure unless otherwise specifically indicated.

[2]San Bernardino Valley Municipal Water District etc. v. Bear Valley Mutual Water Company, etc., et al., San Bernardino County Superior Court No. 109766.

The following is a chronology of the events leading to the present petition insofar as it seeks to compel dismissal of the Valley District action:

On April 6, 1962, Valley District filed an eminent domain action to condemn certain properties owned by the Bear Valley Mutual Water Company (Water Company). In the court below all parties assumed that the properties sought to be condemned included Big Bear Lake, but at the hearing on the present petition it appeared that the legal description did not include the lake. Summons was issued but return thereon was never made. On December 6, 1963, and again on March 24, 1965, Valley District and Water Company, through their respective attorneys, filed written stipulations for dismissal of the action as to portions of the properties sought to be condemned.

On June 30, 1966, Big Bear District, which had filed a subsequent eminent domain action seeking to condemn Big Bear Lake, was permitted to intervene in the Valley District action for the limited purpose of making a motion to dismiss pursuant to the provisions of section 581a.

On July 7, 1966, Water Company filed a general demurrer to Valley District's complaint.

On July 14, 1966, Valley District and Water Company entered into and filed a written stipulation waiving the provisions of section 581a and agreeing that the time for the issuance, service and return of summons be extended to December 31, 1966.

On August 12, 1966, its demurrer having been theretofore overruled, Water Company filed its answer to the complaint in eminent domain.

Meanwhile Big Bear District filed an amended notice of motion to dismiss Valley District's action by requesting the court to invoke its inherent discretionary power to dismiss for failure to prosecute with due diligence.

The motion to dismiss was heard and submitted on August 12. 1966, and was subsequently denied.

■ Mandamus is an appropriate remedy to obtain review of an order denying a motion to dismiss. (*Perry* v. *Magneson,* 207 Cal. 617, 620 [279 P. 650] ; *Coates Capitol Corp.* v. *Superior Court,* 251 Cal.App.2d 125, 127 [59 Cal.Rptr. 231] ; *Rio Del Mar, Country Club, Inc.* v. *Superior Court,* 84 Cal.App.2d 214, 217 [190 P.2d 295].) ■ Petitioner contends that it

was a mandatory duty of the trial court to dismiss the action because summons was not returned within three years as required by section 581a. The real parties in interest contend that the mandatory dismissal provision of section 581a was inoperative because (1) the parties filed a written stipulation extending time, and (2) the written stipulations for partial dismissal of the action constituted a general appearance by the Water Company within the statutory period.

Section 581a provides in relevant part that all actions ". . . must be dismissed by the court, . . . on its own motion, or on the motion of any party interested therein, . . . unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; . . .''

It has been held that the provisions of section 581a are mandatory and ''jurisdictional'' and that in cases coming within its provisions, the court has no authority except to order dismissal. (*Black Bros. Co.* v. *Superior Court,* 265 Cal. App.2d 501, 505 [71 Cal.Rptr. 344]; 2 Witkin, California Procedure, 1667.) The section is applicable to eminent domain proceedings. (*Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 78 [41 Cal.Rptr. 473].)

In the case under review, however, the written stipulation extending time rendered the mandatory dismissal provisions of section 581a inoperative. The fact that the stipulation was filed after the expiration of the statutory period did not render it ineffective. (See *Miles & Sons, Inc.* v. *Superior Court,* 181 Cal.App.2d 151, 153 [5 Cal.Rptr. 73].) It has been held that under section 583 a stipulation extending time may be executed and filed after the expiration of the five-year period. (*Lewis* v. *Neblett,* 48 Cal.2d 564, 568 [311 P.2d 489]; *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1, 5 [200 P. 616]; *Estate of Thatcher,* 120 Cal.App.2d 811, 814 [262 P.2d 337].) Section 581a should be given a like construction. (*Wyoming Pac. Oil Co.* v. *Preston,* 50 Cal.2d 736, 740, 741 [329 P.2d 489]; *Miles & Sons, Inc.* v. *Superior Court, supra,* at p. 153.)

Nor did the fact that the stipulation was not filed until

after petitioner made its motion to dismiss render it inoperative. The court's control over an action under section 581a is not lost until an order of dismissal is made and entered. (See *Rio Vista Min. Co.* v. *Superior Court, supra,* 187 Cal. 1, 5.) Under section 583 it has been said that "the matter of going to trial remains subject to the stipulation of the parties until an actual order of dismissal is made, . . ." (*Estate of Thatcher, supra,* 120 Cal.App.2d 811, 814; *Koehler* v. *Peckham,* 11 Cal.App.2d 481, 483 [54 P.2d 500] ; see *Rio Vista Min. Co.* v. *Superior Court, supra,* 187 Cal. 1, 5.) The foregoing principle is particularly applicable in the case under review. Petitioner, while claiming an interest by virtue of a subsequent eminent domain action seeking to condemn the same property, instead of making itself a party to the action by filing a complaint in intervention in accordance with the procedure prescribed by section 387 of the Code of Civil Procedure (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 588-589 [283 P.2d 704] ) and asserting, as it could have done (*San Bernardino etc. Water Dist.* v. *Gage Canal Co.,* 226 Cal.App.2d 206, 213 [37 Cal.Rptr. 856]), its alleged superior or prior right to condemn the property in question, merely petitioned to "intervene specially" for the "single and specific purpose" of making a motion to dismiss under section 581a. In these circumstances the court was justified in exercising its control over the action despite petitioner's motion to dismiss. The only real parties to the action had executed and filed a stipulation extending time for compliance with section 581a. In addition, the fact that defendant Water Company had filed its answer to the complaint provided additional justification for the court's retention of jurisdiction over the action. (See *Harrington* v. *Superior Court,* 194 Cal. 185, 194 [228 P. 15] ; *Bayle-Lacoste & Co.* v. *Superior Court,* 46 Cal.App.2d 636, 644 [116 P.2d 458].)

In view of the foregoing it is unnecessary to consider whether the stipulations for partial dismissal constituted a general appearance within the meaning of section 581a.

▮▮▮ Petitioner contends that the trial court abused its discretion in failing to exercise its inherent power to order a dismissal for an alleged lack of due diligence in the prosecution of the action. The contention is without substance.

Petitioner, after seeking and being permitted to intervene for the limited purpose of making a motion under section 581a, filed an amended motion, without leave of court, seeking

to invoke the court's inherent power. Real parties in interest objected to the court's consideration of the additional ground and the objection was noted by the court. It is thus doubtful whether the issue was properly before the trial court. Assuming that the question of the court's inherent power to dismiss was properly before it, we find no abuse of discretion in the court's refusal to exercise it. Petitioner urged that Valley District's action was not filed in good faith, that there was collusion between the condemner and the condemnee, and that Valley District never intended to prosecute the action to conclusion. However, real parties in interest filed declarations of its officers and attorneys denying any collusion and justified the delay on the pendency of litigation involving the annexation of Big Bear Lake to Valley District and the validity of the formation of petitioner Big Bear District. On the evidence before it, the trial court was clearly justified in  refusing to invoke its inherent power to dismiss. ██ An appellate court may reverse such an order only upon a clear showing of an abuse of discretion. (*Rice* v. *Arden Farms Co.,* 199 Cal. App.2d 349, 358 [18 Cal.Rptr. 863] ; *Ordway* v. *Arata,* 150 Cal.App.2d 71, 77 [309 P.2d 919].) ██ Petitioner has failed to meet that burden.

██ There remains for consideration the validity of the order barring Mr. Tobin, attorney for Big Bear District, from "further participation in the case [Valley District's condemnation action]." The validity of the order may be reviewed upon an application for writ of mandate. (*Earl Scheib, Inc.* v. *Superior Court,* 253 Cal.App.2d 703 [61 Cal.Rptr. 386].)

The facts giving rise to the order barring Mr. Tobin may be summarized as follows :

When Mr. Tobin, on behalf of Big Bear District, filed the motion to dismiss, Valley District filed a declaration by its general manager, Mr. Jack Beaver, supported by a declaration by Mr. John W. Littleton, a former director of the district, opposing Mr. Tobin's participation in the case and requesting the court to bar him from further participation therein. Mr. Beaver stated Mr. Tobin was employed as special counsel for Valley District in February 1961 and continued in that capacity until his services were terminated in September 1965, that he (Mr. Tobin) was one of the attorneys for Valley District in the condemnation action, that he signed and filed on behalf of Valley District a written stipulation with Water District

for a partial dismissal of the action, and that Valley District had never consented to Mr. Tobin's participation in the action adverse to its interests. Mr. Littleton stated that he was a member of the board of directors of Valley District when the condemnation action was filed, that Mr. Tobin was then one of the attorneys for Valley District, that prior to the filing of the condemnation action Mr. Tobin participated in a discussion with certain of the directors respecting the advisability of filing the action and the position to be taken by the district.

The record reveals that Valley District's complaint in eminent domain is subscribed "Alexander R. Tobin and Robert J. Webb," by Robert J. Webb. The record also reveals that on January 25, 1965, Robert J. Webb, with the consent of the district, withdrew as "one of the attorneys for plaintiff," leaving Mr. Tobin as the only attorney of record. The record also substantiates the fact that the written stipulation for a partial dismissal of the action which was filed on March 24, 1965, was signed by Mr. Tobin on behalf of Valley District.

Following a hearing on August 12, 1966, the court, then being of the view that it was without jurisdiction to act in the matter, denied Valley District's petition to bar Mr. Tobin. Thereafter Valley District moved for a reconsideration of the court's ruling, and, following a further hearing, the court vacated its prior order and made its order barring Mr. Tobin from further participation in the case.

Rule 5 of the Rules of Professional Conduct provides: "A member of The State Bar shall not accept employment adverse to a client or former client, without the consent of the client or former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such client or former client." Under the rule an attorney is forbidden to do either of two things after terminating a relationship with a former client: " 'He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship.' " (*Galbraith* v. *State Bar*, 218 Cal. 329, 333 [23 P.2d 291]; *Wutchumna Water Co.* v. *Bailey*, 216 Cal. 564, 572 [15 P.2d 505]; *Jacuzzi* v. *Jacuzzi Bros., Inc.*, 218 Cal.App.2d 24, 28 [32 Cal.Rptr. 188]; *Grove* v. *Grove Valve &*

*Regulator Co.*, 213 Cal.App.2d 646, 651 [29 Cal.Rptr. 150].) The test of inconsistency is whether the acceptance of the new retainer will require the attorney, in forwarding the interest of his new client, "to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and also whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection." (*Wutchumna Water Co.* v. *Bailey, supra,* 216 Cal. 564, 573; *Grove* v. *Grove Valve & Regulator Co., supra,* 213 Cal.App.2d 646, 651-652.) ▓▓ Generally recognized exceptions to the rule exist (1) where the relationship of attorney and client between the attorney and the complaining party never existed; (2) where a representation of the new client is not inconsistent with his former employment; and (3) where the former client expressly or impliedly consented to the adverse representation. (*Grove* v. *Grove Valve & Regulator Co., supra,* 213 Cal.App.2d 646, 652.)

▓▓ One of the ways in which the issue of a violation of the rule may be raised is by a motion by the former client in the case before the court to enjoin the adverse representation. (*Meehan* v. *Hopps,* 45 Cal.2d 213, 216 [288 P.2d 267]; *Wutchumna Water Co.* v. *Bailey, supra,* 216 Cal. 564, 573-574.) Such a motion may be heard on affidavits (*Grove* v. *Grove Valve & Regulator Co., supra,* p. 654) and if the trial court resolves the issue on conflicting evidence, its determination is conclusive on appeal. (*Jacuzzi* v. *Jacuzzi Bros., Inc., supra,* 218 Cal.App.2d 24, 27-28.)

▓▓ Although in the case under review Mr. Tobin filed a declaration denying that he represented Valley District in connection with the condemnation action, there is substantial evidence to the contrary. His name appears as attorney of record; he was special counsel for Valley District during the period in question; a member of the board of directors of Valley District stated that Mr. Tobin discussed with some of the board members the advisability of filing the condemnation action; and the record confirms the fact that Mr. Tobin signed a written stipulation for partial dismissal of the action as attorney for Valley District. In intervening in Valley District's action on behalf of his new client and making the motion to dismiss, Mr. Tobin was clearly seeking to forward the interest of his new client adversely to the interests of his former client in a matter in which he formerly represented

the latter. There was substantial evidence to support the trial court's order.

In passing, it is noted that Mr. Tobin's new client, Big Bear District, could not have been prejudiced in the presentation of its motion to dismiss by reason of the court's order. The order barring further participation was not made until after the motion to dismiss had been argued, briefed and submitted for decision.

Mr. Tobin's contention that the court was not empowered to reconsider its previous ruling denying the petition to bar him is without merit. It is settled that a court has jurisdiction to reconsider its ruling on a motion after having once denied it. (*Harth* v. *Ten Eyck,* 16 Cal.2d 829, 834 [108 P.2d 675] ; *O'Brien* v. *City of Santa Monica,* 220 Cal.App.2d 67, 70 [33 Cal.Rptr. 770].) It is true that where no new grounds are shown a court is not obliged to grant a motion for reconsideration (*City & County of San Francisco* v. *Muller,* 177 Cal.App.2d 600, 603 [2 Cal.Rptr. 383] ; 2 Witkin, Cal. Procedure (1954) p. 1649), but this is not the equivalent of saying that a court has no jurisdiction to reconsider where no new grounds are shown. In the case under review, the record reveals that the judge was of the view that his original ruling was intended to be without prejudice to a motion to reconsider.

Mr. Tobin's contention that he was not given sufficient or proper notice of the motion to reconsider is likewise without substance. The notice of motion for reconsideration and the supporting declarations and points and authorities contain proof of service by mail of each of the documents. The record discloses that the motion was originally noticed for October 28, 1966. On that date it was continued to December 9, 1966, and notice of the new hearing date was served upon Mr. Tobin. On December 9 the matter was continued to and heard on December 20, 1966. On that date Mr. Tobin filed a declaration stating that the only document he had received was a single page notice of a hearing and that he did not receive by mail a copy of the points and authorities and declaration in support of the motion. But, as noted by the trial judge, the record showed that the notices of motion and each of the supporting documents contained proof of service by mail. It was for the trial court to resolve the factual issue as to whether proper service had been effected. Moreover, the notice of motion to reconsider recited that it was based upon

the points and authorities attached and "all the pleadings, records and documents in this action;" no new facts nor grounds were submitted. There is no showing of any prejudice to Mr. Tobin by reason of the alleged failure to receive by mail copies of the documents supporting the motion for reconsideration.

The alternative writ is discharged and the petition is denied.

McCabe, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied March 14, 1969, and petitioner's application for a hearing by the Supreme Court was denied April 17, 1969.