[No. A025362. Sixth Dist. May 17, 1985.]

NATIONAL DIVERSIFIED SERVICES, INC.,
Plaintiff and Respondent, v.
FREDRIC M. BERNSTEIN, Defendant and Appellant.

COUNSEL

Ned E. Tolbert for Defendant and Appellant.

C. Michael McClure and Walker, McClure, Bohnen & Brehmer for Plaintiff and Respondent.

OPINION

FOLEY, J.*—Defendant Fredric Bernstein appeals from the November 7, 1983 order which denied his motion to vacate a default judgment entered against him and nonappealing codefendants on May 5, 1983, in the amount of $56,779.89. His appeal raises the questions whether a default judgment is void on its face when the record reflects the defendant was not served within three years of the commencement of the action and whether the complaint adequately notified him of the damages ultimately awarded.

The original complaint filed on June 4, 1979, did not name Bernstein as a defendant. Plaintiff National Diversified Services, Inc. alleged that on May 30, 1978, it entered into a written agreement with Ramsey Motor Co., Inc. to purchase two Ferrari automobiles for a total price of $75,284 and to pay for them by conveying a 1969 Trojan Voyager boat with a trade-in value of $22,500 and owing $52,784. Plaintiff alleged further that it had conveyed the boat, but defendants Ramsey Motor Co., Inc., Ray Ramsey, and Ferrari of Monterey had refused to deliver the automobiles. Plaintiff sought specific performance, or alternatively, "damages which are in excess of $10,000," and return of the boat. On November 20, 1981, plaintiff's motion to amend the complaint was granted, adding allegations designed to pierce the cor-

*Assigned by the Chairperson of the Judicial Council.

porate veil of Ramsey Motor Co., Inc., to reach Ray Ramsey. Fredric Bernstein was named as Doe 1 by an amendment filed December 7, 1981. On January 29, 1982, Bernstein's motion to quash service on him by service on an attorney who represented him in other matters was granted. A return of service was filed on October 29, 1982, showing that Bernstein had been personally served in North Palm Beach, Florida on October 22, 1982. A request to enter his default was filed on November 26, 1982, which did not specify a judgment amount to be awarded, and his default was entered on the same day. The judgment was entered after a court trial against Ray Ramsey appearing in pro. per. and on behalf of Ramsey Motor Co., Inc. His motion to vacate was filed October 14, 1983.

The three years in which to serve Bernstein under former Code of Civil Procedure section 581a[1] ran from June 4, 1979, when the original complaint was filed, although he was originally a fictitious defendant, and plaintiff does not contend otherwise. (*Lopa* v. *Superior Court* (1975) 46 Cal.App.3d 382, 387-388 [120 Cal.Rptr. 445], and cases there cited.) Defendant argues that because he was not served until October 22, 1982, over four months beyond the three-year period, the service was invalid and the re-

---

[1]We note former Code of Civil Procedure section 581a was repealed in 1984, and replaced by sections 583.210-583.250, but we are concerned with the statute in effect at the time of the challenged ruling. Section 581a provided in 1982 when the default was entered: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. . . . [¶] (d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section. . . ." (Stats. 1971, ch. 7, § 1, p. 9.)

In 1983, when the judgment was entered and the motion to vacate was made, former section 581a had been revised to provide: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the action shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of the action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. . . . [¶] (d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section. . . . [¶] (f) Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons: [¶] (1) Where the defendant . . . is estopped to complain. [¶] (2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance." (Stats. 1982, ch. 600, § 1, pp. 2574-2575.)

sulting default judgment based thereon was void and subject to attack at any time.

■ In 1933, a provision was added to Code of Civil Procedure section 473 that: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order." This amendment codified the inherent power of the court to set aside an order or judgment void on its face at any time. (*F. E. Young Co.* v. *Fernstrom* (1938) 31 Cal.App.2d Supp. 763, 765 [79 P.2d 1117]; *Estate of Estrem* (1940) 16 Cal.2d 563, 571-572 [107 P.2d 36].) If the judgment is void on its face, then the six months limit set by section 473 to make other motions to vacate a judgment does not apply. (*Thorson* v. *Western Development Corp.* (1967) 251 Cal.App.2d 206, 210-212 [59 Cal.Rptr. 299].)

Defendant's argument would benefit by citation to *Pearson* v. *Superior Court* (1932) 122 Cal.App. 571, 574-575 [10 P.2d 489], which held that a default judgment based upon an untimely return of summons "was void upon the face of the record for want of jurisdiction." (The case may be found by looking under the "Jurisdiction" annotation to § 581a in West's Annotated Codes.) *Pearson* relied on *Vrooman* v. *Li Po Tai* (1896) 113 Cal. 302, 305-307 [45 P. 470], which reversed a plaintiff's judgment based on an untimely return of service under a statutory predecessor of section 581a. *Vrooman* was not a default judgment. There defendant raised the question in his answer, rather than following the more usual practice of filing a motion to dismiss. (*Id.,* at p. 304.)

Defendant should prevail if *Pearson* and the approach suggested by *Vrooman* retain vitality. According to *Pearson, supra,* 122 Cal.App. at page 575, when a return of summons was filed after the three-year period: "[T]he trial court then had jurisdiction in that proceeding to do nothing but dismiss the action upon its own motion or upon the motion of a party beneficially interested therein . . . ."

In our view, however, the rationale of *Pearson* has succumbed to the evolution of the law regarding dismissals for failure to serve and return summons within three years. Several statutory and case law exceptions have developed since the time of *Pearson,* the net effect of which has been to make dismissal discretionary, rather than mandatory. The statute at the time of *Pearson* provided that no further proceedings shall be had in an action when summons was not returned within three years unless the defendant had made an appearance within three years, or unless the defendant was absent from the state or concealing himself within the state to avoid service. (See quotation of statute in *Bellingham Bay L. Co.* v. *Western A. Co.* (1917) 35 Cal.App. 515, 517 [170 P. 632]; Stats. 1907, ch. 376, § 2, p. 712.) In

1949, the statute was amended to allow for an additional exception to dismissal when a written stipulation to extend time was entered into. (See *Cahn v. Jones* (1950) 101 Cal.App.2d 345, 348 [225 P.2d 570]; Stats. 1949, ch. 744, § 89, p. 1869.) In persuasive dictum contained in the 1958 case, *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489], the court created an additional exception to mandatory dismissal when it was impracticable or futile to serve a summons and return it within three years. The court acknowledged a "discretionary power" to not dismiss. This case law exception was essentially codified by the 1982 amendment to former section 581a in subdivision (f)(2). In 1971, *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-439 [96 Cal.Rptr. 571, 487 P.2d 1211], created yet another exception to mandatory dismissal based on an estoppel of the defendant. This case law exception was essentially codified by the 1982 amendment to former section 581a in subdivision (f)(1).

Thus, the law has evolved to where dismissal is "mandatory" with exceptions. (E.g., *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 51, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; see the 1982 amendment to § 581a adding subdivision (f).) A court retains jurisdiction over an action although a summons is not returned within three years at least until a motion to dismiss is granted. (*Big Bear Mun. Water Dist.* v. *Superior Court* (1969) 269 Cal.App.2d 919, 924 [75 Cal.Rptr. 580].) The court obviously has the discretion to retain jurisdiction if an exception applies.

Here defendant did not seek dismissal of the action upon receipt of service and the court did not dismiss the action on its own motion[2] for any failure to serve summons on defendant or return the same within three years. Since dismissal would have been discretionary, the court did not lose jurisdiction to do other than dismiss the action. Instead the court retained jurisdiction over the action.

It is illogical to say any longer that a judgment based on a late return of summons is void on its face. A judgment is void on its face when a jurisdictional defect appears on review of the judgment-roll. (*Canadian etc. Co.* v. *Clarita etc. Co.* (1903) 140 Cal. 672, 674 [74 P. 301].) A late return is

---

[2]While the issue is not directly presented in this case, we question the continuing validity of any authority to the effect that a court can dismiss an action for failure to return summons within three years on its own motion without notice to the party affected. (E.g., *Muller* v. *Coastside County Water Dist.* (1960) 180 Cal.App.2d 712, 713 [4 Cal.Rptr. 832]; cf. *Ransome-Crummey Co.* v. *Wood* (1919) 40 Cal.App. 355, 357 [180 P. 951]; *Rio Del Mar etc. Club* v. *Superior Court* (1948) 84 Cal.App.2d 214, 220 [190 P.2d 295].) Since dismissal is discretionary, the plaintiff should be afforded an opportunity to present the factors on which the court's discretion should operate. Anything less could be a deprivation of due process. (Cf. *Derry* v. *Superior Court* (1968) 266 Cal.App.2d 556, 558, 561 [72 Cal.Rptr. 313]—reasoning similarly regarding a two-year discretionary dismissal.)

not necessarily invalid and its validity will often depend on factors not appearing in the record until opposition to a motion to dismiss is filed. For example, a party's appearance may avoid dismissal, although not filed within the three-year period. (*General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449, 454 [124 Cal.Rptr. 745, 541 P.2d 289], and cases there cited.) A written stipulation extending time also may avoid dismissal, although not filed within the three-year period. (*Big Bear Mun. Water Dist., supra,* 269 Cal.App.2d 919, 923-924.) The facts justifying estoppel of a defendant or demonstrating the impracticability or futility of returning a summons also may not adequately appear on the face of the record absent a showing opposing a motion to dismiss.

■ It is established that a default judgment, at least one entered under Code of Civil Procedure section 585, subdivision (b), as here, is valid when based on actual service of summons on the defendant, though no proof of service is filed prior to entry of the judgment. (*Herman* v. *Santee* (1894) 103 Cal. 519, 523-525 [37 P. 509]; *Hibernia S. & L. Soc.* v. *Matthai* (1897) 116 Cal. 424, 426 [48 P. 370].) It is inconsistent to maintain a default judgment can be valid without a proof of service, but it can become void if the proof is filed late. We do not wish to encourage counsel to withhold filing a return of summons until a default judgment is challenged for inadequate service, yet that would seem to have been the better course under *Pearson, supra,* 122 Cal.App. 571.

■ The modern rule must be that a judgment based on a late return of summons is irregular, but not void. In *Drake* v. *Duvenick* (1873) 45 Cal. 455, 463, 466, the court held that an irregularity in obtaining jurisdiction did not render the ensuing default judgment void and subject to collateral attack. Also a default judgment is not void because the statute of limitations has run on the complaint. (*Crane* v. *Cummings* (1902) 137 Cal. 201, 202 [69 P. 984].) We hold that the late return of a summons is merely an irregularity which does not render a default judgment based thereon subject to collateral attack.

The attack here is clearly collateral. A motion to vacate a judgment not brought within the six months provided by Code of Civil Procedure section 473 is a collateral attack. (*People* v. *Norris* (1904) 144 Cal. 422, 424 [77 P. 998]; *Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 492-493 [165 Cal.Rptr. 825, 612 P.2d 915].) ■ The 182 days allowed to attack a default judgment are calculated from the time of entry of the default, not the judgment. (*Title Insurance etc. Co.* v. *King etc. Co.* (1912) 162 Cal. 44, 45-46 [120 P. 1066]; *Davis* v. *Thayer* (1980) 113 Cal.App.3d 892, 901-904 [170 Cal.Rptr. 328].) Even adding 10 days due to mailing of the notice of entry of default (Code Civ. Proc., § 1013; see *Carli* v. *Superior Court*

(1984) 152 Cal.App.3d 1095, 1098-1099 [199 Cal.Rptr. 583]), the motion was too late. The default of defendant was entered on November 26, 1982, and his motion to vacate was not filed until October 14, 1983.[3]

Since we hold that the default judgment cannot be collaterally attacked based on the late return of summons, we need not reach defendant's further contention that plaintiff in opposition to the motion to vacate did not justify the late service and return.

We find more merit to defendant's other argument. He asserts that the default judgment is void to the extent he was not apprised by the complaint or the request to enter default of the damages sought from him. ■ Code of Civil Procedure section 580 states: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint . . . ." The policy behind this statute is that a defendant is entitled to be informed of the maximum liability which he will face if he chooses to default. (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]; *Becker* v. *S.P.V. Construction Co., supra,* 27 Cal.3d 489, 493.) " 'If a judgment other than that which is demanded is taken against him, [the defendant] has been deprived of his day in court—a right to a hearing on the matter adjudicated.' " (*Ibid.*)

Plaintiff correctly points out that this argument was not presented to the trial court. ■ However, such "questions of jurisdiction are never waived and may be raised for the first time on appeal." (*Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794, 798-799 [156 Cal.Rptr. 622].) An entry of a default judgment exceeding the allegations of the complaint is beyond the court's jurisdiction. (*Burtnett* v. *King, supra,* 33 Cal.2d 805, 807; *Becker, supra,* 27 Cal.3d 489, 494-495.)

Except for personal injury or wrongful death cases,[4] a defendant must be notified by the prayer (e.g., *Brooks* v. *Forington* (1897) 117 Cal. 219, 220

---

[3]Defendant's story apparently was he did not receive notice of entry of default. While he personally filed no declaration in support of his motion to vacate, his counsel's declaration quoted him as first learning of the default on June 3, 1983, when he received the judgment mailed to him on May 24, 1983. We note that this judgment was mailed to the same address to which the request to enter default was previously mailed. He does not press this contention of lack of notice of entry of default on appeal.

[4]Pleading of damages in personal injury or wrongful death cases since 1975 has been done on a separate statement of damages. (Code Civ. Proc., §§ 425.10, 425.11.) Consequently, a default judgment in such a case must be preceded by a statement identifying the amount of damages sought (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 319-320 [156 Cal.Rptr. 499]; *Petty* v. *Manpower, Inc., supra,* 94 Cal.App.3d 794, 798; *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 761-762 [189 Cal.Rptr. 769]; *Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 929 [206 Cal.Rptr. 924]), if not also a request to enter default identifying the same amount (*Petty, supra,* at p. 798).

[48 P. 1073]) or allegations in the body of the complaint of the damages sought. (*Thorson* v. *Western Development Corp., supra,* 251 Cal.App.2d 206, 212-213; *Becker, supra,* 27 Cal.3d 489, 494.) The request to enter default in this case identified no amount of damages sought. The complaint generally alleged damages in excess of $10,000. Considering only this allegation, it would be improper to grant a default judgment in excess of $10,000. (*Becker, supra,* 27 Cal.3d 489, 494-495.)

Plaintiff also asserts that the allegations of the complaint notified defendant that a specific amount greater than $10,000 was sought. We agree, but not to the extent of upholding the judgment for $56,779.89. This amount represents $45,600 as damages flowing from breach of the promise to deliver the Ferraris, $6,179.89 for boat repair expenses, and $5,000 for loss of use of the automobiles.

Plaintiff correctly notes that *Thorson* v. *Western Development Corp., supra,* 251 Cal.App.2d 206, is comparable. Plaintiffs there sought to recover property they parted with based on defendant's fraud and damages based on the fraud. The default judgment awarded both return of the property and damages. The appellate court affirmed this award, reasoning that ordinarily it would be inconsistent to obtain both restitution and damages, but that the rescission statute allows for damages not inconsistent with restitution. (*Id.,* at pp. 213-214.) The amount of damages awarded was that generally alleged.

The difference from *Thorson* is that plaintiff here did not identify as damages in connection with the restitution claim any amount near the $55,000 awarded. Plaintiffs sought alternatively to recover their boat, plus damages for its deterioration and loss of its use, amounting to "in excess of $10,000," or delivery of the two cars. No amounts were alleged to represent the loss of use of the cars or any loss of a benefit of the bargain.

■ *Allstate Leasing Corp.* v. *Smith* (1965) 238 Cal.App.2d 128, 132 [47 Cal.Rptr. 636], explains that when another has wrongfully exercised dominion over an owner's property, the owner's "remedies include specific recovery of the property, or its present value, plus damages for the period of its detention (Civ. Code, § 3379; Code Civ. Proc., §§ 509, 627, 667); or damages for the value of the property at the time of conversion plus interest and the expense of pursuing the property. (Civ. Code, § 3336.)"

A party entitled to specific recovery of the property is entitled to an alternative judgment under Code of Civil Procedure section 667. The unsuccessful party must deliver the property if possible and has no option to pay for it and keep it. (*Cummings* v. *Stewart* (1871) 42 Cal. 230, 233; *Griffith*

v. *Reddick* (1919) 41 Cal.App. 458, 461-462 [182 P. 984]; *Law* v. *Heiniger* (1955) 132 Cal.App.2d Supp. 898, 903; but cf. *Lundblade* v. *Pierce* (1928) 95 Cal.App. 192, 194-195 [282 P.2d 607].) Under such an alternative judgment, a party recovers either the property or its value, but not both. (*Thompson* v. *Laughlin* (1891) 91 Cal. 313, 316 [27 P. 752].)

The largest money judgment that we can say defendant was on notice of would be $32,500, representing $22,500 for the value of the boat and $10,000 for its detention. ■ When a default judgment is partially void for being excessive, an appellate court will strike the excess and affirm the valid portion. (*Thorson* v. *Western Development Corp., supra,* 251 Cal.App.2d 206, 215.)

We therefore modify the default judgment by deleting the unwarranted amount, and affirm a default judgment in the principal amount of $32,500.

Panelli, P. J., and Brauer, J., concurred.