Filed 4/29/15  Shankar v. Shoffner CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ARVIND SHANKAR,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GARY E. SHOFFNER,<br><br>    Defendant and Respondent. | B255399<br><br>(Los Angeles County Super. Ct. No. SC119634) |

APPEAL from an order of the Superior Court of Los Angeles, Allan J. Goodman, Judge.  Affirmed.

Arvind Shankar, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer, Marshall R. Cole, for Defendant and Respondent.

_____

Plaintiff and appellant Arvind Shankar, M.D., appeals from a postjudgment order for attorney fees following the granting of a special motion to strike under Code of Civil Procedure section 425.16 (the anti-SLAPP statute)[1] in favor of attorney Gary E. Shoffner. Shankar contends: (1) his pending appeal from an order granting a third party's anti-SLAPP motion imposed an automatic stay on further proceedings in the trial court on the malicious prosecution cause of action; (2) the trial court abused its discretion by finding his opposition was untimely; and (3) the attorney fees awarded are excessive.

We concluded in Shankar's prior appeal from the order granting Shoffner's anti-SLAPP motion that an appeal from an order granting a third party's anti-SLAPP motion did not automatically stay further proceedings in the trial court on the malicious prosecution cause of action as to Shoffner. This conclusion applies equally in this appeal. The record on appeal is inadequate to review the trial court's discretionary rulings, because Shankar failed to provide reporter's transcripts or suitable substitutes for the hearings on the requests. We therefore presume the trial court correctly determined the timeliness of Shankar's pleading and the reasonable of the fees. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On September 6, 2007, attorney Phillip K. Fife filed a complaint on behalf of Jeffrey Chu, M.D., Chu Sarang Medical, Inc. (CSM), and Magnolia Medical Group, against several defendants, including Shankar and Simon Hong, for causes of action arising out of the operation of a medical clinic. On October 9, 2007, Shanker, acting in propria persona, filed a cross-complaint against Chu and CSM for damages and indemnity. Shankar alleged CSM was the alter ego of Chu.

---

[1] SLAPP is an acronym for "Strategic Lawsuits Against Public Participation." (*Equilon Enterprises, LLC v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1.) All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

In July 2008, attorney Fife asked attorney Shoffner to assist with appearances in the case. Shoffner associated in as co-counsel. Shoffner filed a notice of disassociation of counsel in 2010. Fife filed a motion to be relieved as counsel of record for Chu and CSM, which was granted on August 4, 2010.

Represented by new counsel in September 2012, Chu executed a settlement agreement with Hong and another defendant. As part of the agreement, Chu agreed to release any claim to control the actions of CSM or to authorize attorneys to act on behalf of CSM. On September 19, 2012, Hong designated his attorney Robert Moest to represent CSM.

On September 24, 2012, attorney Moest, on behalf of CSM, sent an offer to settle all claims and cross-claims asserted in the complaint and cross-complaint between CSM and Shankar by allowing judgment to be entered in favor of Shankar and against CSM in the amount of $1.5 million. That same day, attorney Moest executed a request for dismissal of all CSM's causes of action against Shankar. The dismissal was entered by the court on September 27, 2012, and Shankar executed the offer to compromise the next day. On October 2, 2012, attorney Moest filed notice of the offer to compromise and Shankar's acceptance, along with a proposed judgment in favor of Shankar as against CSM in the amount of $1.5 million. The trial court entered the judgment on October 11, 2012.

On January 4, 2013, attorney Moest filed the complaint in the instant action on behalf of Shankar against Chu, attorneys Fife and Shoffner, and additional defendants for fraud, breach of contract, fraudulent transfer of assets, an accounting, malicious prosecution, unauthorized use of name and unfair business practices. Chu and related defendants filed an anti-SLAPP motion as to the cause of action for malicious prosecution. Shankar filed a motion in the underlying action to add Chu as an additional judgment debtor, which the trial court granted. On April 5, 2013, Moest filed an amended complaint on behalf of Shankar in the instant action for fraud, breach of contract, fraudulent transfer of assets, an accounting and malicious prosecution. Moest also filed an opposition to Chu's anti-SLAPP motion on April 8, 2013.

3

On April 18, 2013, Shankar filed a substitution of attorney and proceeded in propria persona. The trial court granted Chu's anti-SLAPP motion on the ground Shankar had failed to demonstrate the underlying action terminated in his favor. No evidence suggested CSM's voluntary dismissal of the underlying complaint reflected on the merits of the action. Shankar filed a notice of appeal from the ruling in favor of Chu on May 1, 2013.

On May 9, 2013, Shoffner filed an anti-SLAPP motion as to the cause of action against him for malicious prosecution. Among other arguments, he asserted Shankar could not establish a favorable termination on the merits, because the action was dismissed after settlement without reflecting on the merits of the action. Shankar filed an ex parte application arguing that the matter was automatically stayed based on his appeal of the order granting Chu's anti-SLAPP motion. The trial court denied the application.

Chu filed a motion in the underlying action to set aside the judgment and the order adding Chu as an additional judgment debtor, on the ground that the judgment was based on an invalid offer to compromise.

Shankar opposed Shoffner's anti-SLAPP motion. Fife filed a notice of joinder in Shoffner's anti-SLAPP motion and filed his own anti-SLAPP motion as well. The court denied Shankar's requests to present oral testimony. The court concluded Shankar failed to show the dismissal in the underlying action reflected on the merits of the action. On September 4, 2013, the trial court issued a minute order granting Shoffner's anti-SLAPP motion, finding Fife's joinder to be proper, and granting the anti-SLAPP motion as to Fife as well. Shankar filed a notice of appeal from the September 4, 2013 order.

On September 17, 2013, Shoffner filed a motion seeking an award of $57,938.50 in attorney fees.[2] On October 3, 2013, the trial court entered a written order granting Shoffner's anti-SLAPP motion, finding Fife's joinder proper, taking Fife's anti-SLAPP motion off-calendar as moot, and granting Shoffner's request for attorney fees, reserving

---

[2] Shoffner's December 9, 2014 motion requesting this appellate court to take judicial notice of documents including the motion for attorney fees is granted.

the determination of the proper amount for the hearing on the attorney fees motion. Shankar opposed the motion for attorney fees on the grounds that the matter was stayed by his appeal of the order granting Chu's anti-SLAPP motion and the amount of attorney fees requested was excessive. Shoffner filed a reply arguing Shankar's opposition was served late, had failed to identify and object to specific billing entries, and did not contain relevant argument about why the amount sought was not reasonable. Shankar filed a reply arguing that the opposition was timely filed.

A hearing was held on the proper amount of attorney fees. No reporter's transcript or suitable substitute has been made part of the record on appeal. The court stated in a tentative ruling that it was exercising its discretion not to consider the untimely filed opposition to the motion for attorney fees, but noted the court had read the opposition and nothing in it would have changed the court's ruling. On February 20, 2014, the trial court awarded attorney fees to Shoffner in the amount of $57,938.50. Shankar filed a notice of appeal from the postjudgment order awarding attorney fees.

On September 3, 2014, this appellate court affirmed the order granting Chu's anti-SLAPP motion. (*Shankar v. Chu* (Sept. 3, 2014, B248413) [nonpub. opn.].) On March 16, 2015, this appellate court affirmed the order granting Shoffner's anti-SLAPP motion. (*Shankar v. Shoffner* (Mar. 16, 2015, B251729) [nonpub. opn.].)

**DISCUSSION**

**Effect of Pending Appeal**

Shanker contends his appeal from the order granting Chu's anti-SLAPP motion imposed on an automatic stay on further trial court proceedings as to the cause of action for malicious prosecution. He asserts the order awarding attorney fees in this appeal is therefore void for lack of jurisdiction.

Section 916, subdivision (a), provides in pertinent part, "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or

5

upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

It's true that an appeal from an order denying a special motion to strike under the anti-SLAPP statute automatically stays further trial court proceedings on the merits of causes of action affected by the motion. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 188-189 (*Varian*).) However, the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order. (*Ibid.*) No case law has held that an appeal from an order *granting* an anti-SLAPP motion divests the trial court of jurisdiction, especially as to matters related to other defendants. (See *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1427 (*Dowling*) [perfection of appeal from order granting a special motion to strike under the anti-SLAPP statute does not automatically stay enforcement of a judgment awarding attorney fees and costs].) Rather than overrule *Dowling*, the Supreme Court has limited its holding to orders denying special motions to strike. (*Varian*, *supra*, at p. 195 ["we . . . hold that an appeal from the denial of an anti-SLAPP motion automatically stays further trial court proceedings on the merits"].)

We conclude the trial court had jurisdiction to decide Shoffner's motion for attorney fees after Shankar filed a notice of appeal from the order granting Chu's anti-SLAPP motion. Shoffner was not a party to the underlying action or the appeal from the order granting the anti-SLAPP motion. Although some of the issues and evidence was the same, the merits of the malicious prosecution action against Chu did not necessarily embrace or affect the merits of the cause of action against the attorney defendants. The trial court properly proceeded by determining the motion for attorney fees in favor of Shoffner.

**Inadequate Record**

6

Shanker contends the trial court erred by finding his opposition was untimely and determining Shoffner's claim for fees was reasonable. However, Shankar has the burden of proving error on appeal. The record on appeal does not include a reporter's transcript of the hearing on the motion for attorney fees or suitable substitutes such as a settled statement under California Rules of Court, rules 8.137. We conclude the record is insufficient to demonstrate reversible error under settled California law.

Whether the notice of motion was properly served by mail is a factual question to be resolved by the trial court. (*Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1010-1011.) Where the issue presented is based upon conflicting evidence, "[i]t was for the trial court to resolve the factual issue as to whether proper service had been effected." (*Big Bear Mun. Water Dist. v. Superior Court* (1969) 269 Cal.App.2d 919, 928.) The determination of the value of attorney fees is best resolved by the trial judge, whose determination will not be disturbed unless it is clearly wrong so as to constitute an abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)" (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

In *Maria P. v. Riles* (1987) 43 Cal.3d 1281, the defendants contended the trial court abused its discretion in determining the reasonable amount of attorney fees to

7

award.  Because the defendants failed to provide the reporter's transcript for the hearing on the attorney fees motion or a settled statement, the Supreme Court held they failed to provide an adequate record of the attorney fees proceeding. "Because [the defendants] failed to furnish an adequate record of the attorney fee proceedings, the defendants' claim must be resolved against them."  (*Id.* at pp. 1295-1296.)

Similarly, in *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440 (*Vo*), the defendant appealed from the trial court's order awarding attorney fees, arguing that the trial court abused its discretion by failing to reduce the lodestar amount.  (*Id.* at p. 447.)  The *Vo* court concluded the defendant had not provided an adequate record to review the abuse of discretion claim.  "'The "experienced trial judge is the best judge of the value of services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."'  [Citations.]  The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion.  It is not possible to judicially and appropriately determine from the inadequate record provided by [the] defendant that the trial court abused its discretion in its conclusion that $470,000 was a reasonable award in comparison to the scope of the litigation as a whole.  [Citations.]" (*Id*. at pp. 447-448, italics omitted.)

In this case, the trial court read Shankar's opposition and noted the arguments contained in the opposition would not have changed the ruling on attorney fees.  The court found the fees requested were reasonable, because the anti-SLAPP motion required a thorough review of the litigation and Shankar's litigious conduct caused Shoffner to incur substantial attorney fees.  Without a record of the proceedings, we cannot review any arguments, concessions, or information presented to the trial court.  The record and the argument on appeal are insufficient to demonstrate that the trial court erred.  As noted above, we presume the judgment is correct unless the record affirmatively demonstrates otherwise, and no showing of an abuse of discretion has been made on appeal.

8

## DISPOSITION

The order awarding attorney fees in favor of defendant Shoffner is affirmed. Respondents Gary E. Shoffner is awarded his costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

9