Filed 4/9/26  County of Los Angeles v. Crone CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B344004 |
| Respondent. | Los Angeles County |
| v. | Super. Ct. No. BY298645 |
| HERBIE CRONE, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip Peng, Judge Pro Tempore.  Affirmed.

Herbie Kent Crone, in pro. per., for Appellant.

No appearance for Respondent.

The County of Los Angeles obtained a default judgment against Herbie Crone in a paternity and child support action. Crone unsuccessfully moved to set aside his default and appeals the order denying his motion. We affirm because Crone's motion was untimely and he neither establishes the judgment is void nor shows the trial court erred in denying equitable relief.

## BACKGROUND

The County of Los Angeles filed a paternity and child support action against Herbie Crone in 1998. After over two years with no activity in the proceedings, in August 2000 the County obtained default judgment against Crone for $370 in monthly support for his child.

In 2019, Crone moved to vacate the judgment against him.[1] The court denied his motion. In late 2020, Crone unsuccessfully sought "dismissal" of the action. He purported to appeal from an unspecified order. The Administrative Presiding Justice dismissed the appeal as taken from a nonappealable order. (*County of Los Angeles v. Crone,* B310259 [nonpub. order].)

In October 2024, Crone filed a "request for order" seeking "dismissal and administrative relief." His memorandum of points and authorities indicated he sought to set aside the judgment and dismiss the action. Crone asserted: (1) the County did not timely serve the summons and complaint on him, (2) the default judgment was void because of improper service of process, and (3) the County violated the Servicemember's Civil Relief Act.

---

[1] Crone designated minimal portions of the record to be transmitted on appeal. We state the procedural history as indicated on the Superior Court's case summary, which provides little information other than documents' titles and filing dates.

2

With his request for order, Crone submitted a proposed order setting aside his default and awarding him over $30 million in damages.

Crone's supporting declaration claimed the County "did not serve [him] at all." The proof of service of summons filed in August 2000 attests to substituted service on Crone's co-tenant after three unsuccessful attempts at personal service. Crone also asserted the County "disguise[d] the case number" of the action. The summons and complaint incorrectly state the case number as "BY0298645" instead of BY298645.

On November 21, 2024, the court held a hearing on Crone's request for order. The County and Crone both appeared at the hearing, and Crone testified. The court issued a minute order denying Crone's request for order and ordered the County to prepare an order after hearing. On January 10, 2025, the court signed and entered an order after hearing, which denied Crone's request. Crone timely appealed.

## DISCUSSION

### I. Standard of Review

We review a trial court's order on a motion to vacate default judgment for abuse of discretion. (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103 [statutory motions]; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230 (*Gorham*) [motions for equitable relief].) We only reverse the trial court's order when its "decision exceeded the bounds of reason in light of the circumstances before" it. (*Gorham,* at p. 1230.) "In doing so, we determine whether the trial court's factual findings are supported by

3

substantial evidence [citation] and independently review its statutory interpretations and legal conclusions." (*Ibid.*)

## II. Crone has Forfeited His Arguments

### A. Inadequate Record on Appeal

The minimal record before us limits our review. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Unless the record shows otherwise, we make all presumptions in favor of the trial court's order, including presuming that any evidence " 'which would have authorized the order' " was presented below. (*Id.* at p. 609.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Ibid.*)

Crone designated minimal portions of the record on appeal. Omitting material evidence can be fatal because it prevents an appellant from "eliminat[ing] the possibility that" sufficient evidence supported the judgment or order appealed. (*Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 610.) "[C]ourts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) Our record includes neither the County's response to Crone's motion to vacate the default judgment nor a transcript or settled statement (Cal. Rules of Court, rule 8.137) summarizing Crone's testimony at the hearing on his motion. Crone has forfeited any arguments

4

relying on his oral testimony or other evidence not in our record. We presume that the County presented evidence justifying the court's order and that Crone's testimony did not support his contentions.

## B. Inadequate Briefing

Crone's disorganized brief further hinders our ability to discern any error below. "Each argument made in an appellate brief must be 'under a separate heading or subheading summarizing the point,' and each point must be supported 'by argument and, if possible, by citation of authority.' [Citation.] When a party fails to place an argument under a proper heading or subheading, we need not consider the issue." (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 (*Dilbert*).) Moreover, "the obligation to support points with argument and citations to authority requires more than simply stating a bare assertion that the judgment 'is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness.' " (*Ibid.*)

Self-representation does not excuse a party from following these rules. (*Dilbert, supra,* 101 Cal.App.5th at p. 323.) If we do not address every argument Crone made, that is because "his briefing lacked the requisite headings and subheadings, and offered very little in the way of developed arguments and citations." (*Ibid.*)

Crone forfeited his claims of error by not making reasoned arguments supported by legal authority. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51

Cal.App.5th 881, 894.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority." (*Ibid.*) Though Crone's brief includes some citations to legal authority, its arguments are conclusory and the cited authority does not support them.

Crone also forfeited his claims by not adequately citing the record. A brief's factual assertions require "citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) We may disregard asserted facts not supported by accurate citations (*SCC Acquisitions Inc. v. Central Pacific Bank* (2012) 207 Cal.App.4th 859, 863) and are not required to search the record for facts supporting appellant's arguments (*Woolard v. Regent Real Estate Services, Inc.* (2024) 107 Cal.App.5th 783, 786). Crone's brief makes voluminous factual assertions but cites specific pages of the record only three times.

## III. Crone's Arguments Fail on the Merits

Although Crone has forfeited his arguments, we exercise our discretion to address them. As explained below, we reject each of his contentions.

## A. Crone's Request for Order Was Not Timely

Crone did not timely seek relief from the default judgment. Assuming Crone sought relief under Code of Civil Procedure sections 473, subdivision (b) or 473.5, he did not meet either statute's deadline. When asserting mistake or neglect caused the default judgment, the defendant must move for relief within six months after judgment. (Code Civ. Proc., § 473, subd. (b).) When asserting he or she did not receive actual notice of the action in time to defend it, the defendant must move for relief within two

years after judgment. (Code Civ. Proc., § 473.5, subd. (a).) Crone filed the instant request 24 years after entry of judgment. He therefore cannot obtain relief under these statutes.

In child support actions, a respondent may seek to vacate a default judgment within six months of a specified triggering event. (Fam. Code, § 3691.) For relief based on fraud or perjury, the respondent must move to set aside the support order "within six months after the date on which the complaining party discovered or reasonably should have discovered the" fraud or perjury. (*Id.*, subds. (a) & (b).) For relief based on lack of actual notice, the respondent must file a motion within "six months after the party obtains or reasonably should have obtained notice (A) of the support order, or (B) that the party's income and assets are subject to attachment pursuant to the order." (*Id.*, subd. (c)(1).)

Under any available basis for relief pursuant to Family Code section 3691, Crone did not act within the time allowed. Crone asserts the County committed fraud because the complaint and summons incorrectly state the case number as "BY0298645" instead of BY298645. He reasonably should have discovered that no later than June 2019, when he first moved for relief from the judgment. And he could not have moved to vacate the support order before he knew it existed. Crone therefore had to seek relief no later than December 2019. He filed his instant request to vacate the judgment in 2024, nearly five years too late.

## B. The Judgment Is Not Void

Crone has not shown the judgment is void. Unlike the statutory motions discussed above, a defendant asserting a judgment is void due to invalid service of process may move for relief at any time. (*California Capital Ins. Co. v. Hoehn* (2024) 17

Cal.5th 207, 212, 225.) Crone argues service of process was invalid for three reasons.

First, without citing authority, Crone contends service was ineffective because the summons and complaint used the wrong case number. Crone is mistaken. *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852 is instructive. There, the complaint and summons misspelled the defendant's name with one incorrect letter. (*Id.* at pp. 855–856.) The court noted the defendant "identifie[d] no evidence that the misspelling rendered him unaware that he was the person named as defendant." (*Id.* at p. 857.) The court held this "slight error" did not make the judgment void. (*Ibid.*)

Here, the summons and complaint had a similarly slight error. Crone provided no evidence or explanation showing that error thwarted his efforts to defend himself. He did not, for example, show that the clerk rejected his attempted filings because he used the case number "BY0298645" instead of BY298645. The error in the case number does not invalidate service of process on Crone.

Second, Crone argues the County did not serve him within the time allowed.[2] Untimely service would not deprive the court of jurisdiction or otherwise make a default judgment void.

---

[2] The County timely served Crone. He relies on the 90-day time limit under Federal Rules of Civil Procedure, rule 4(m). That federal rule does not apply to this state court proceeding. Under California's Code of Civil Procedure, the County had to serve the summons and complaint on Crone within three years of commencing the action. (Code Civ. Proc., § 583.210, subd. (a).) It commenced the action in January 1998 and served Crone in March 2000, less than three years later.

8

(*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 415.)

Third, Crone argues the proof of service of summons contained incorrect or incomplete "personal information." A proof of service generally must "show[ ] the time, place, and manner of service and facts showing that the service was made in accordance with" the law and must "recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, the person's title or the capacity in which the person is served." (Code Civ. Proc., § 417.10, subd. (a).) In child support actions, however, the "proof of service . . . shall not disclose the address where service of process was accomplished." (Welf & Inst. Code, § 11478.1, subd. (b)(3).)

The proof of service properly omits Crone's address and states the time and manner of service and all other necessary facts, including a declaration of reasonably diligent attempts at personal service before resorting to substituted service under Code of Civil Procedure section 415.20. It need not include Crone's social security number or driver's license number, as he contends.

Crone did not establish the judgment is void for any reason. The trial court therefore did not err in denying his motion to vacate the default judgment as void.

## C. The Court Did Not Err in Denying Equitable Relief

Crone does not show the court erroneously denied equitable relief from the default judgment. "[E]ven where relief is no longer available under statutory provisions, a trial court generally retains the inherent power to vacate a default judgment or order on equitable grounds where a party

9

establishes that the judgment or order was void for lack of due process [citation] or resulted from extrinsic fraud or mistake." (*Gorham, supra,* 186 Cal.App.4th at p. 1228.) The trial court did not abuse its discretion in declining to exercise this inherent authority. For the reasons stated above, Crone did not establish the judgment was void.

Crone also did not establish grounds for relief based on extrinsic fraud or mistake. "Extrinsic fraud occurs when a party is deprived of the opportunity to present a claim or defense to the court as a result of being kept in ignorance or in some other manner being fraudulently prevented by the opposing party from fully participating in the proceeding." (*Gorham, supra,* 186 Cal.App.4th at pp. 1228–1229.) A defendant moving for relief for this reason "must show three elements: (1) a meritorious defense; (2) a satisfactory excuse for not presenting a defense in the first place; and (3) diligence in seeking to set aside the default judgment once discovered." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750.)

Crone shows none of the three elements. First, rather than trying to demonstrate a meritorious defense to the County's support action, he relies solely on procedural issues regarding service of process. Second, Crone has not given a satisfactory excuse for not defending himself. As discussed above, Crone presented no evidence that the purported fraud—one additional "0" in the case number on the summons and complaint— prevented him from defending himself. Third, Crone has not shown diligence in seeking to set aside the default judgment. He discovered it no later than June 2019 when he first attempted to vacate the judgment. Even assuming Crone could properly bring a second request for the same relief (see *Pittman v. Beck Park*

10

*Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021, fn. 13 [disapproving repeated attempts to vacate a purportedly void order]), filing a second request five years later was not diligent.

**D.  Crone Cannot Recover Affirmative Relief or Damages**

Finally, we address Crone's request for affirmative relief of over $30 million in damages.  A respondent in a child support action cannot recover damages or other affirmative relief.  (Fam. Code, § 17404, subd. (a) [cross-complaints are prohibited "and the issues shall be limited strictly to the question of parentage … and child support"].)  The trial court did not err in denying this request.

## DISPOSITION

We affirm the trial court's order.  The parties shall bear their own costs, if any, on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:



ZUKIN, P. J.



MORI, J.


12